## STERNE MORSE vs. SHADRACH R. BRACKETT.

Eight bags of wool, bearing the same distinctive mark, and kept in a warehouse separate
from other merchandise, having been shown as one lot of a particular kind of wool to a
purchaser, who, after opening some of the bags and making such other examination as he
saw fit, said that he would take the whole lot, were sold to him at one time, for one price
per pound, and delivered to him together under a single bill of parcels. *Held*, that the
contract of sale was an entire contract, which he could not rescind in part on discovering
that the wool in one of the bags was of a different kind.

If one of eight bales of wool sold under an entire contract, with a warranty that the wool is
of a particular kind, contains wool of a different kind, and the purchaser sends it back,
but retains the rest of the lot, the vendor, refusing to receive it, may maintain an action
against the purchaser to recover a corresponding proportion of the contract price of the
lot, less the difference between the actual value of this bale and what would have been
its value had it corresponded with the warranty; and if, when the defendant returned
the wool, he retained the bag in which it was sold and delivered to him, he cannot set up
in avoidance of the action a custom of wool-dealers by which the purchaser may return
the bale which does not correspond with the warranty.

In an action for the price of chattels sold, if the answer alleges a warranty and breach
thereof as a ground for rescinding the sale, evidence which fails to sustain the defence of
rescission may nevertheless be available to reduce damages.

CONTRACT for part of the price of a lot of eight bags of wool.
Answer, that the plaintiff warranted the lot as combing pulled
wool, but the contents of one of the bags were not of that kind,
and so were sent back to the plaintiff in another bag, the original
bag having been destroyed in opening it.

At the trial in the superior court, before *Lord*, J., the facts
appeared substantially as follows :

The plaintiff was a wool-factor, and had in store a separate
lot of eight bags supposed by him to contain combing pulled
wool, each of them marked " Parsons," with a black line drawn
about the word so as to inclose it within a parallelogram.    The
defendant, who was a manufacturer of worsted, inquired there
for wool of that description, and the plaintiff's salesman showed
him this lot; and then, and at another time, the defendant made
some examination of it, opening four of the bags in the sales-
man's presence, and afterwards called at the store again, accom-
panied by a wool-dealer, and went with him into the loft where
these bags were piled, but it did not appear what examination,
if any, they then made.    After this third visit, the defendant said

that he would take the whole lot; and the eight bags were sent to him with a bill in which he was charged with "eight bales combing pulled wool," with specifications of the weights of the several bales, and an aggregate charge for the whole net weight at the rate of a dollar per pound, and also an aggregate charge for "eight bags" at a certain rate per bag, and a charge also for trucking, and a total charge for the whole lot. But when he opened the bags, after thus receiving them, he found that one of them contained only a very small quantity (less than one quarter of its contents) of combing pulled wool, being filled in great part with wool of shorter staple and inferior value. He thereupon sent back to the plaintiff the whole contents of this bag, but not the bag itself, another being substituted therefor; and at the same time he sent the proportional amount of the price for the rest of the lot. The plaintiff refused to receive the wool thus sent back, and brought this action for the balance of the purchase money. It also appeared at the trial that the seven bags which the defendant retained contained some wool of the shorter staple, and that what was sold in the market under the name of combing pulled wool contained some proportion of it; but there was evidence tending to show that the contents of the bag sent back were not such as is called combing pulled wool among wool-dealers.

The plaintiff asked the judge to instruct the jury, "that the contract was an entire contract, and the defendant had no right to rescind it as to one bag and affirm it as to the others, but, if he wished to avail himself of the defence set up, should have returned or offered to return the entire lot."

The judge declined to give this instruction, but ruled "that, if the purchase was made of the eight specific bags of wool irrespective of quality or kind, or if at the time of the purchase the defendant knew the general character of the wool in the rejected bale, or if at the time he made such an examination as would have informed a person of ordinary skill of its character, or if the article contained in the rejected bale, either when considered by itself or as a part of the eight bales, would be regarded by those dealing in wool as combing pulled wool, the plaintiff was entitled

to recover; but if the purchase was made of combing pulled wool and the defendant did not know the general character of the article at the time of the purchase, or did not make such examination as would have informed a person of ordinary skill, and if the article contained in the rejected bale, when considered by itself or as a part of the eight bales, would not be regarded by those dealing in wool as combing pulled wool, the plaintiff was not entitled to recover."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. C. Dodge,* for the plaintiff.

*R. B. Caverly,* for the defendant.

BIGELOW, C. J. This case comes within the familiar principle that no contract can be rescinded unless both parties are restored to the condition in which they were before the contract was made. One party cannot insist on the validity of a contract as to one portion of the subject matter, and claim to set it aside or avoid it as to the residue. The vendee of a specific quantity of merchandise sold under an entire contract cannot retain a portion to his own use and return the remainder to the vendor. If he receives and holds a part, he will be liable in assumpsit for the whole. If on the ground of fraud or breach of warranty, or for other reason he seeks to rescind the contract, he must return the whole of the merchandise. If he fails to do this, his remedy is either by action against the vendor, or by a reduction of damages in an action by the vendor for the price. *Conner* v. *Henderson,* 15 Mass. 319. *Bowker* v. *Hoyt,* 18 Pick. 555. *Clark* v. *Baker,* 5 Met. 452, 461. There can be no doubt in the present case that the wool was sold to the defendant under an entire contract. The bales were kept by themselves, separated from all other merchandise of like kind in the plaintiff's store; they all had the same distinctive mark; they were shown to the defendant as one lot or parcel of a particular kind of wool; and they were sold to him at one and the same time, and for one and the same price per pound; and the whole number were delivered to him together under a single bill of parcels. It is difficult to see how the elements constituting an entire contract can be

more fully combined than in this sale. There is no ground on which any separation or distinction between the different bales can be made so as to lay the foundation of a claim to retain a portion and return the residue to the vendor. The defendant is therefore liable to an action for the price of the whole number of bales, as well for that which he returned to the plaintiff as for those which he kept and used. Upon this point the instructions given to the jury were erroneous.

The case is wholly unlike that of *Gardner* v. *Lane*, 12 Allen, 39. There had been no completed sale of the property in controversy in that case. The minds of the contracting parties had never met upon the subject matter of the sale. In the case at bar both parties fully understood that they were negotiating concerning a specific lot of wool, and agreed on the particular bales concerning which they entered into a contract. There was no mistake as to the *corpus* of the property which the plaintiff agreed to sell and the defendant to buy. The only mistake was as to the quality of a portion of the merchandise. Such a mistake, although it gave the defendant the right to rescind the contract and return the property, of which he might have availed himself, did not operate to sever the contract or to prevent the title of that part of the wool which did not conform to the warranty from passing to the defendant after he had elected to retain the other portion. *Exceptions sustained.*

At the new trial, before *Vose*, J., the facts appeared in evidence substantially as before, with the addition that the plaintiff testified that the wool was consigned to him by John C. Parsons of Chicago, and the defendant testified that at the time of his purchase the plaintiff's clerk informed him that the bags he had examined would represent the lot.

The defendant also proposed to offer evidence of a custom of wool-dealers, in case of a purchase of a lot of wool under warranty, which on inspection proves to contain bales of a different kind than that intended to be purchased, to return such bales to the vendor, and retain the residue of the lot; but the judge ruled that such evidence would be inadmissible.

The defendant further presented prayers for instructions to the jury, including one that, if they should find that the bale in question was not in fact combing pulled wool, " then the defendant would be liable for such price only as it was reasonably worth at the sale ; " but these prayers the judge refused, and directed a verdict for the plaintiff for the full amount claimed by him ; and the defendant alleged exceptions, which were argued in March 1868.

*R. B. Caverly,* for the defendant.

*J. C. Dodge,* for the plaintiff.

FOSTER, J. When this action was previously before the court, it was held that the sale of the eight bags of wool was one entire contract, and that the right of rescission for breach of warranty could not be exercised as to a single bag. At the last trial the defendant's counsel offered to prove a custom in the wool trade by which in such a sale the purchaser may return a bale of wool which proves to be of a different kind from the article intended to be purchased, retaining the residue. To support the admissibility of such evidence of usage he relied upon *Clark* v. *Baker,* 11 Met. 186.

But, upon the facts disclosed by the evidence, the court are of opinion that proof of such a usage would have been unavailing and was properly rejected. The wool was taken out of the bag in which it was sold, and that was not returned. The value of the bag may have been very little, but it was something ; and by the loss of the marks upon it the present plaintiff may have been prevented from returning it to the party from whom he purchased it or from satisfying his principal, if he acted as factor in making the sale, of the identity of the article.

By the law of Massachusetts, a sale of personal property with warranty may be treated as a sale upon condition subsequent, at the election of the vendee, who, if the warranty is broken, may return the property and rescind the sale. But the right of rescission is limited to cases where the vendor can be put *in statu quo* as before the contract. *Hunt* v. *Silk,* 5 East, 449. *Kimball* v. *Cunningham,* 4 Mass. 502. *Conner* v. *Henderson,* 15 Mass. 319. In the case last cited it was held that a purchaser

of worthless lime could not rescind the sale without returning the casks. He who would rescind a contract must put the other party in as good a condition as he was in before. *Perley* v. *Balch*, 23 Pick. 283. In the present instance this was not done. The bag in which the wool was contained does not appear to have been absolutely worthless. It must have had some pecuniary value. And its value as the means of identifying the article may have been considerable.

But upon another ground we think there must be a new trial. The defendant's answer set up a warranty and breach of it; and, although the evidence offered would not defeat the entire action, yet we think it was admissible in reduction of damages. The facts set up in the answer are not available for the entire purpose for which the defendant relied upon them, but they may be proved with the lesser effect of reducing the amount of the plaintiff's claim. This point was distinctly taken by the de fendant. He insisted that he was liable for such price only as the wool was reasonably worth at the sale. This rule of damages was not strictly accurate. But the presiding judge directed a verdict for the plaintiff for the full amount claimed in the writ. He should have left the question of damages to the jury, with instructions that, if a warranty and breach of it had been proved, they should allow the defendant, by way of deduction from the agreed price, the difference between the actual value of the article sold and what would have been its value if it had corresponded with the warranty.

*Exceptions sustained.*