BENJAMIN T. O. HUBBARD *et al.*

*v.*

WILLIAM F. GEORGE.

CONTRACTS—*performance.* G made a contract with H & B, by the terms of which, G sold to them, at a specified price, a quantity of wheat by sample, to be delivered at a future time, and to be of the same quality of the sample. Upon the delivery of the first load, H inspected it, and remarked that "it would do," but on the arrival of the other loads, they were examined by both H and B, and refused, as not being equal to the sample, and thereupon G sold the grain to other parties: *Held,* in an action against H & B, to recover for the non-performance of the contract, that the declaration by H, upon the examination of the first load, that "it would do," could only be regarded as an admission that the wheat filled the sample to the extent of such load; that they were not thereby concluded as to the whole purchase, and had the right to reject the other loads, if they were not equal to the sample.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action in assumpsit, originally brought in the Warren County Court, by the appellee against the appellants, to recover damages for an alleged non-performance of their contract. It appears that these parties entered into a contract, by the terms of which, appellee sold to appellants between two and three hundred bushels of wheat by sample, which

was to be delivered at a future time, and of the same quality as the sample. One load only of the wheat was received by appellants, and the balance was rejected by them, as not up to the sample, whereupon appellee sold the wheat to other parties. A change of venue was taken to the Warren Circuit Court, where a trial was had before a jury, and a verdict and judgment rendered for the plaintiff for $80. To reverse this judgment, the record is brought to this court by appeal.

Messrs. STUART & PHELPS, for the appellants.

Mr. J. M. KIRKPATRICK, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

That the property in this wheat was not transferred to the appellants, seems clear, from the fact, that the plaintiff sold and delivered it to other parties.

On the point that defendants were bound by the declaration of Hubbard, after the first load of wheat was weighed, that "it would do," and that such declaration was an admission that the wheat filled the sample, cannot be so regarded, for, at the time he said so, there had been but one wagon-load examined, and to that, only, could it apply. When he returned with his partner, Belden, who examined the other loads, they were found not to be up to the sample, and were rejected. This was the defendants' right. Instructions 9, 11, 12, given for the plaintiff, were, therefore, not proper. As the series of instructions must be regarded, we are inclined to think, the defect in instruction 9 was covered by others which were given, but that cannot be alleged of 11 and 12. Instruction 11 is as follows :

" If the jury believe, from the evidence, that a contract was made and entered into, as alleged in the declaration, between

the plaintiff and defendants, and that within the time and at
the place agreed upon, the said plaintiff was ready and willing,
and then and there tendered to the said defendants a quantity
of wheat, and that defendant, Hubbard, after an examination
of said wheat, said it would do, or words to that effect, and
accepted the same, and afterwards refused to pay for the same,
or to furnish a place for plaintiff to unload, then the jury will
find for the plaintiff, although they should further find that
the wheat was not as good in quality as the sample by which
it was sold."

The proof is clear, but one load of wheat was examined
when the admission was made. On the examination of the
other loads, they were rejected, as not equal to the sample.

For these reasons, the 12th instruction was objectionable:

" The jury are instructed, that although they may believe,
from the evidence, that the wheat in controversy was sold by
sample, and that the wheat delivered or tendered by plaintiff
was not as good as sample shown, they must still find for the
plaintiff, provided they further find, from the evidence, that
the defendants, or one of them, after an examination of the
wheat tendered or delivered, accepted the same and said it
would do, or used words to that effect."

The purchasers were not concluded by the hasty examina-
tion of one load.

For the reasons noticed, the judgment must be reversed
and the cause remanded.

*Judgment reversed.*