Rand *v.* Webber.

SUSAN RAND *vs.* ADONIJAH WEBBER.

*Amendment. Assumpsit—when not maintainable.*

64    191
d88   493
88    598

64    191
f95   133

A grantor verbally bargained certain land for a specified consideration, and, either by mistake or fraud, the premises conveyed did not include a parcel of ten acres embraced in the verbal agreement; whereupon, without rescinding the contract, the plaintiff brought assumpsit to recover the value of the lot thus omitted, or a proportional part of the consideration paid: *held* that the action would not lie.

The plaintiff had her election to have the deed reformed in equity, if the omission was by mutual mistake; or to bring an action of deceit for damages, if the lot was fraudulently omitted; or seasonably to rescind the whole contract and recover the entire consideration, if fully paid; or could defend against the notes given for the purchase (if any were outstanding) by way of recoupment, to the extent of the injury sustained; but could not retain that portion of the land covered by the deed and sue for the value of the portion omitted. The rescission must be total to maintain assumpsit, in which the whole consideration (if anything) would be recoverable.

The plaintiff originally declared in a special count setting out the bargain and alleging the breach to be the omission of ten acres mentioned; she afterwards added the money counts. She is now permitted, upon terms, to further amend so as to change the action into one for deceit, in order to save her claim from being barred by the statute of limitations.

Rand v. Webber.

On report.

Assumpsit, alleging that, on the twenty-second day of February, A. D., 1867, in consideration that the plaintiff would buy "the Samuel Bean farm" in Hudson for five hundred dollars, the defendant promised to sell her the farm for that sum, and promised that it "included a certain piece of good, cleared land containing about ten acres and lying on the side of the road opposite to the main body of the farm, of the value of two hundred dollars;" in consideration whereof the plaintiff promised to buy said farm; but the defendant "subtly intending to deceive and defraud the plaintiff," &c., conveyed to her a described parcel of land, which did not embrace the ten acre lot aforesaid, which he had promised her, and which she had paid for, &c., &c.

Substantially the same facts were set forth in several special counts; and, when the cause came on for trial, the plaintiff was allowed, against the defendant's objection, to add the count for money had and received. The general issue was pleaded in defence, with a brief statement setting up the statute of frauds, and that assumpsit would not lie if the facts alleged were all proved. The case was reported for the entry of a nonsuit or default as the court should consider the law upon the facts required.

*C. A. Everett* for the plaintiff, relied upon *Goodspeed* v. *Fuller*, 46 Maine, 141.

*Lebroke & Pratt* for the defendant.

Peters, J. The defendant deeded to the plaintiff a piece of land. It appears that the deed does not include a parcel of about ten acres, which the defendant represented he was conveying, and which the plaintiff supposed she was getting, when the deed was made. The omission was occasioned, either by the mutual mistake of the parties, or by fraud on the part of the defendant. The plaintiff does not rescind the contract on this account. She relies upon a special count in assumpsit and a count for money

Rand v. Webber.

had and received, to recover back so much of the purchase money, as said omitted parcel was actually worth. Whether this action can be maintained, is the question for our determination.

We are satisfied that the form of remedy is misconceived. It is clear that the count declaring on a special oral promise to convey the ten acres cannot be maintained, because such a contract is within the statute of frauds. The statute of frauds is duly pleaded and relied on.

And it is just as certain that the action cannot be upheld upon the common counts. This form of declaring is predicated upon a repudiation of what has been done. It cannot be allowed, unless based upon a rescission of the contract. This cannot be partial, but must be entire. Both parties must be restored to the condition in which they were before the contract was made. No new contract can be made for them without the consent of both. The plaintiff must tender a release of the premises conveyed, before she can sue to recover back any part of the consideration paid. She might have resorted to equity, if there was a mutual mistake; or she might have an action of deceit to recover the damages actually sustained, if the defendant committed a fraud upon her, and she might defend against any notes given for the land, to the extent of the damages sustained by the defendant's fraud, if they should be sued by the defendant, or any one having no superior rights to the defendant. These propositions are familiar doctrine, and abundantly sustained by the following, and numerous other, authorities. *Herbert* v. *Ford*, 29 Maine, 546; *Garland* v. *Spencer*, 46 Maine, 528; *Percival* v. *Hichborn*, 56 Maine, 575. And see cases cited hereafter.

But the plaintiff contends, that this case can be rescued from an application of these technical principles, upon the strength of the precedent in *Goodspeed* v. *Fuller*, 46 Maine, 141. It was there decided "that upon the money counts parol evidence was admissible to prove that the defendant, for the amount expressed as the consideration in a deed, agreed to sell and convey to the plaintiff two lots of land, each for a specified price; that the plain-

tiff paid the defendant the full sum for both lots, and that by mistake or fraud of the grantor, only one of the lots was conveyed by the deed, and the defendant having upon request, refused to convey the other lot, that the plaintiff could recover back the consideration paid for it with interest." That case was not like this. In that case there was a bargain for two lots at separate prices. Two bargains were there described in one transaction. The consideration was divisible. But in the case at bar there is but one contract, and one gross sum to be paid for the whole. All the land was bargained for as an entirety. It must be borne in mind, that it is not the actual value of the omitted lot that the plaintiff should recover, (if at all) but the exact amount of the consideration paid therefor. How can this be ascertained? How can it be known how much the purchase price of the "ten acres" was in comparison with the price of any other portion or of the whole? How can it be known that the defendant would sell one parcel without the other? Or how much the value of one parcel may be reduced by its separation in ownership or occupation from the whole?

The distinction between the case cited and this case is very forcibly illustrated in *Miner* v. *Bradley*, 22 Pick., 457, to which we refer as directly supporting our conclusions here. The same question afterwards arose, and was elaborately examined, both by counsel and court, in *Clark* v. *Baker*, 5 Metc., 452. The same principle was affirmed in the later cases of *Morse* v. *Brackett*, 98 Mass., 205; and *Bartlett* v. *Drake*, 100 Mass., 174. The case of *Johnson* v. *Johnson*, 3 Bos. & Pul., 162, much relied on in the Massachusetts cases, is also a very forcible case directly in point. The opinion of the court in *Cushing* v. *Rice*, 46 Maine, 303, is not inconsistent with our views as expressed here, although it may be regarded as to some extent conflicting with one of the Massachusetts cases above cited. In that case the plaintiff was allowed to recover back money paid for logs which he had not got, there being no difficulty in making an apportionment of the consideration, as no point was made that there was any difference

in the value per thousand feet between the logs that were and those that were not received. The court say in that case that it does not appear upon what ground the verdict was rendered; and that the exceptions disclosed no objection to the form of the action or to the instructions of the presiding judge. It appears that no point was taken at the trial of that case, that the remedy was misconceived.

It appears that the cause of action in this case arose more than six years before another suit could now be commenced. As the special count stood, it could easily be amended so as to have been an action of deceit. The plaintiff elected otherwise by adding a money count, and joining pleadings in assumpsit. The plaintiff may at *nisi prius* have leave to have the writ amended and the pleadings reformed, conformably to an action of tort, by paying costs and receiving none up to the date of the amendment; otherwise

*A nonsuit to be entered.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.