THE A. K. YOUNG & CONANT MANUFACTURING COMPANY *vs.*
EDWIN E. WAKEFIELD.

Hampshire, Sept. 21. — Oct. 23, 1876.    COLT & MORTON, JJ., absent.

Where several distinct articles are bought at the same time for different prices, even if
of the same general description, so that a warranty of quality would apply to each,
the contract is not entire, but is in effect a separate contract for each article sold,
and a right of rescission exists as to each article, if the warranty in regard to it is
broken.

CONTRACT, on an account annexed, for the price of a lot of
water proof cloaks of different dimensions, and one pair of sleeves,
all manufactured from rubber cloth.    The price of each article
and the discount from the gross sum were stated in the account.

The answer alleged a warranty and breach of the warranty,
and a rescission of the contract.

At the trial in the Superior Court, before *Wilkinson*, J., it ap-
peared in evidence that the goods were bought and sold for the
defendant's retail trade; that it was one order, and a bill was
sent to the defendant at the list price, "15 per cent. and 5 per
cent. off."    After a former trial a new trial was ordered, on con-
dition that the plaintiff admit a breach of the warranty, which
order and condition was accepted.    The defendant testified that
he received the goods and placed them on sale; that he made
sale of one cloak, at the list price, for $8.75; that the other
goods proved unsalable, and that afterwards he forwarded by
express to the plaintiff all the goods but the cloak sold, and re-
mitted $7.10 for that one.    The plaintiff immediately replied by
letter, that it could not take the goods back, and credited the de-
fendant with the money on account.    No directions were after-
wards given by the defendant respecting the goods, and the plain-
tiff produced them in evidence in court.

The plaintiff asked the judge to rule and to instruct the jury,
that there had been no rescission of the contract; but the judge
refused so to do, and instructed them that if the goods were sold
to the defendant for his retail trade, and it was contemplated by
the parties that the defendant should expose the goods for sale
in order to ascertain whether they were salable or not, and the
cloak not returned was so sold, and the rest of the goods and

money were returned seasonably, and the goods were in good condition, and the money was retained by the plaintiff, then there had been a rescission of the contract.

The jury found for the defendant; and the plaintiff alleged exceptions.

*C. Delano & J. C. Hammond*, for the plaintiff.

*H. H. Bond*, for the defendant.

DEVENS, J. It was admitted at the trial that there had been a breach of warranty as to all the articles sold by the plaintiff to the defendant. Under the instruction of the court, before the jury could find that there had been a rescission of the contract by the defendant as to those of the articles returned, it was necessary for him not only to show that those goods were returned seasonably and in good condition, but also that the cloak actually sold and not returned was so sold under an agreement that the defendant might expose the goods bought by him to sell in order to ascertain if they were salable, and also that the money for the cloak was retained by the plaintiff when sent to it.

Such an instruction was certainly as favorable as the defendant could have asked. Even if the contract were originally entire, it was competent to prove, by the agreement of the parties, that it could also be severed and divided, so that such articles as the defendant found unsalable he could return, while he paid the price for those which he actually sold, and the instruction required such an agreement to be found by the jury.

We do not deem this contract to have been an entire one. That a contract should be of that character it is not sufficient merely that the subjects of purchase are included in the same instrument of conveyance. If but one consideration is paid for all the articles sold, so that it is not possible to determine the amount of consideration paid for each, the contract is entire. *Miner* v. *Bradley*, 22 Pick. 457. So if the purchase is of goods as a particular lot, even if the price is to be ascertained by the number of pounds in the lot, or the number of barrels in which the goods are packed, the contract is also held to be entire. *Clark* v. *Baker*, 5 Met. 452. *Morse* v. *Brackett*, 98 Mass. 205. *Mansfield* v. *Trigg*, 113 Mass. 350. While, in the cases last referred to, it could be ascertained what was the amount of con-

sideration paid for each pound or barrel, yet, the articles having been sold as one lot, it was to be inferred that one pound or barrel would not have been sold unless all were sold.  While there‑ fore the seller must have expected that the purchaser would have the right to rescind the contract, if the goods did not correspond with the warranty, he could not have intended that the pur‑ chaser should divide them merely because they were divisible by weight or measure, and claim the right to rescind as to part and affirm as to the remainder.

When many different articles are bought at the same time for distinct prices, even if they are articles of the same general description, so that a warranty that they are all of a particular quality would apply to each, the contract is not entire, but is in effect a separate contract for each article sold.  *Johnson* v. *Johnson,* 3 B. & P. 162.  *Miner* v. *Bradley, ubi supra.*  Such was the contract in the present case.  The articles sold differed each from the other, although all were of the india rubber goods man‑ ufactured by the plaintiff.  To each article a separate price was affixed, and the sale of it in no way depended upon that of the others, so that they were not united in a single sale as one lot. A number of separate contracts were shown by the same order and bill of parcels, but these did not make of them a single trans‑ action only.  As to each article there was a right to rescind if the warranty in regard to it was broken.

*Exceptions overruled.*