AMERICAN PAPER PAIL AND BOX COMPANY, Respond-
ent, v. PETER OAKES *et al.*, Appellants.

St. Louis Court of Appeals, December 24, 1895.

Sales: DELIVERY IN INSTALLMENTS : EFFECT OF ACCEPTANCE OF INFE-
RIOR GOODS. A vendee may reject an installment of the goods sold to
him, whose quality is not in accordance with the terms of the sale,
though he has accepted a prior installment of like inferior quality.

*Appeal from the St. Louis City Circuit Court.*—HON.
P. R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*Martin, Bass & Carr* for appellants.

The rule is well settled that, as long as contracts of
sale remain executory, the vendee is not bound to accept
a chattel which is different from the chattel sold, whether
the difference be one in kind, quantity or quality.
*Henry Gaus & Sons Mfg. Co. v. Magee, etc., Mfg. Co.*
42 Mo. App. 307; *Gaibout v. Clark*, 24 Mo. App. 426;
*Calhoun v. Paule*, 26 Mo. App. 274; *Hawkins v. Pem-
berton*, 51 N. Y. 198; *Pope v. Allis*, 115 U. S. 363.
Where there is a breach of warranty, the vendee
may return the property and rescind the contract
within a reasonable time, or he may retain it, and
when sued for the purchase money plead a total or a
partial failure of consideration. *Branson v. Turner*,
77 Mo. 489; *Werner v. O'Brien*, 40 Mo. App. 483;
*Compton v. Parsons*, 76 Mo. 455; *Brown v. Weldon*, 99
Mo. 564; s. c., 27 Mo. App. 251; *Murphy v. Gay*, 37
Mo. 535; *Keystone Imp. Co. v. Leonard*, 40 Mo. App.
477; *Johnson v. Sproull*, 50 Mo. App. 121; *Kerr v.*

*Haymaker*, 20 Mo. App. 350; *Hayner v. Churchill*, 29 Mo. App. 676; *Steam Heating Co. v. Gas Fixture Co.*, 60 Mo. App. 148. Where the delivery is according to the terms of the contract to be made by installments, a delivery of a part of the goods, and a retention of them after the lapse of a reasonable time in which to make an examination and to reject them, if unsatisfactory, will preclude the buyer from a rejection of that part on account of any defects in quality or suitableness for the purpose for which it was bought. But the buyer will not be precluded, by his acceptance of one part of inferior goods from rejecting any other part which was delivered subsequently. Tiedeman on Sales, sec. 116; *Cahen v. Platt*, 69 N. Y. 348; *Kipp v. Meyer*, 5 Hun, 111; *Hubbard v. George*, 49 Ill. 275; *Gardner v. Clark*, 21 N. Y. 399; *Studer v. Bleistein*, 48 Hun, 577; *Pierson v. Crooks*, 42 Hun, 571.

*Mills & Grant* for respondent.

BOND, J.—Plaintiff sued defendants for refusal to accept twenty-four thousand, one hundred and sixty-five paper boxes, which are claimed to have been delivered as the second installment provided for in the following contract:

"ST. LOUIS, August 8, 1891.

"We agree to furnish the Oakes' Candy Company with 50,000 1-2 lb. candy boxes, like sample herewith, for the sum of $8.50 per thousand, the 50,000 to be taken inside of twelve months from date hereof, quality and style guaranteed to be as good as sample; 25,000 to be taken November 1, 1891.

"AMERICAN PAPER PAIL & BOX CO.
"THAL.

"Accepted,
    "Oakes' Candy Co."

The first lot of twenty-five thousand boxes referred to in the contract, *supra*, was accepted and paid for by defendants in November, 1891, but the second installment, for which the present suit is brought, was rejected by defendants as being inferior to sample, and returned to the plaintiff. The testimony adduced by the plaintiff tended to show that the second lot of boxes shipped by it to the defendants was fully equal in every respect to the first shipment, which had been received and accepted, and was also equal to the sample referred to in the written contract made by it for the manufacture of said boxes. On the other hand, the testimony adduced by defendants tended to prove that the second shipment of boxes was discovered by them, upon inspection, to be inferior to the sample guaranteed in the contract of sale and inferior to the boxes contained in the first shipment, and worthless to defendants.

The court substantially instructed the jury on behalf of the plaintiff that, if they believed from the evidence that the second shipment of boxes made by plaintiff to defendants was equal in all respects to the first shipment, they should find for the plaintiff. The court refused instructions requested by defendants to the effect, that the acceptance by them of shipment of boxes made under the contract in question in 1891 did not involve an acceptance of the second shipment made in 1893, and that the defendants were at liberty, upon the arrival of the last shipment, to inspect the same, and, if it failed to meet the guarantee contained in the contract of purchase, they might reject said shipment of 1893, notwithstanding their acceptance of the prior shipment. The propositions contained in these refused instructions are correct. Tiedeman on Sales, sec. 116: *Cahen v. Platt*, 69 N. Y. 348; *Hubbard v. George*, 49 Ill. 275; *Kipp v. Meyer*, 5 Hun, 111.

It is, however, insisted by plaintiff that defendants are in no position to complain of the refusal of its instructions embodying the above rules of law, for the reason that defendants also submitted an instruction which was given by the court, wherein the jury were told to find a verdict for defendants if they believed the goods which were rejected were inferior in quality of workmanship or material to the character of goods specified in the contract, and also inferior to the goods contained in the shipment of 1891. It is true that defendants in this instruction assumed a burden which was not cast upon them by law—that is, the proof that the second shipment of goods was inferior to the first, but the instruction is in no wise repugnant to those which the defendants proffered and the court refused, wherein the court was requested to tell the jury that the mere fact of the acceptance by defendants of one shipment under the contract of purchase did not debar them from objecting to a second shipment on the ground that it fell below the standard guaranteed in the contract. If, as we have shown, defendants were entitled to a declaration of law to this effect, *a fortiori*, they were entitled to the delarations contained in the instruction given on their behalf authorizing the jury to find in their favor, if they believed that the second shipment was not only inferior to the grade of goods guaranteed in the contract, but was also inferior to those contained in the first shipment. It is apparent, therefore, that the refusal by the court of the correct declarations of law requested by defendants was not an error induced by the action of the defendants in submitting another instruction, which contained, in addition to the proposition contained in the refused instruction, a further requirement imposing an unnecessary burden of proof upon them.

Neither is there any merit in the contention that

the case was tried in the lower court upon a different theory than that urged for its reversal in this court. The refused instructions were presented to the trial judge, and they express the theory on which the argument is made for reversal of this case. As there was abundant evidence in the record tending to show that the second shipment of boxes to the defendants was practically worthless, and for that reason they refused to accept it, and immediately returned the boxes to the plaintiff as inferior to sample, they were entitled to an instruction declarative of the law applicable to this evidence. For the refusal of the court to give such instruction, when requested by defendants, its judgment will be reversed and the cause remanded. All concur.