Argued 24 October; decided 13 November, 1899; rehearing denied 8 January, 1900.

## RUSSELL *v.* LILIENTHAL.

[58 Pac. 890.]

SALES BY SAMPLE—ACCEPTING PART—SEVERABLE CONTRACT.—Defendant contracted with plaintiff to purchase certain lots of hops, represented by samples, which were to be accepted not later than a certain date, and delivered at once thereafter, with the exception of a certain lot which could not be delivered at that time. Defendant accepted and paid for, according to contract, all the lots except the one which was to be delivered later; nothing being said at the time in regard to the receipt and acceptance thereof. Afterwards the remaining lot, on inspection, was found not to conform to the sample, and was rejected. *Held,* that defendant was not bound to receive or accept any lot of hops unless it conformed to the sample, and the acceptance of some lots did not prevent him from rejecting the lot which did not conform to the sample, without returning or offering to return those already received.

From Multnomah : E. D. SHATTUCK, Judge.

This is an action by J. M. Russell & Company against Ernest R. Lilienthal to recover for certain hops alleged to have been sold by the plaintiff to the defendant. The case was tried without the intervention of a jury, and from the findings of fact it appears that on November 7, 1896, the plaintiff and defendant entered into a contract in writing, of which the following is a copy : "Portland, Oregon, Nov. 7th, '96. For and in consideration for the covenant hereinafter performed, we have this day sold to Mr. H. Uchtmann, for account of Lilienthal, 265 bales of hops, with the privilege of our making the number 269 ; certain lots of hops, represented by samples, which are marked by the following numbers : No. 48, 48 bales ; 65, 34 bales ; 68, 84 bales ; 69, 35 bales ; 73, 34 bales ; 74, 22 bales ; 75, 12 bales. The acceptance is not to be later than Tuesday, 10th Nov., and the delivery to be at once after acceptance, with the exception of lot 68, 84 bales, which will be delivered as soon as they can be hauled to Tualatin. Lilienthal & Co. are to pay for the said hops 11 cts. per lb. f. o. b. cars. [Signed] Hermann Uchtmann, for Acct. of Lilienthal & Co. The J. M. Russell Co., J. M. Russell." The

hops had not been inspected or examined by the defendant at the date of the agreement, but a sample of each lot was exhibited to and delivered to his agent, and the contract was made upon the understanding that the bulk would correspond to the sample. Prior to the date fixed in the contract for acceptance, the hops were inspected and accepted by the defendant, and were thereupon delivered and paid for, except lot 68 ; nothing being said at the time in regard to the receipt and acceptance thereof. On or about the twentieth of November the hops in lot 68 were inspected by the defendant's agent, who refused to accept them because they did not conform to the sample, whereupon the plaintiff sold them on defendant's account, and now seeks to recover the difference between the amount realized and what defendant agreed to pay. The judgment of the court below was in favor of plaintiff for the amount demanded, and defendant appeals.

Reversed.

For appellant there was an oral argument by *Mr. Wirt Minor*, with a brief over the name of *Cox, Cotton, Teal & Minor*, to this effect :

I.  The contract is executory.  Under it no property passed, and possession remained in Russell & Company. Nor was any part of the purchase price paid.  The contract does not contemplate a sale on credit.  Samples of the hops contracted were not exhibited only, but delivered to the buyer, and he was to inspect and accept the same before delivery and before payment of any part of the purchase price.  It is a contract for the sale of specific chattels conditionally.  The lot of hops numbered 68, in Washington County, was not inspected until December 3, 1896, and was never accepted or delivered : 1 Benjamin, Sales, §§ 3, 308; 325, 364–461 ; *Hatch* v. *Oil Co.* 100 U. S. 124, 131–33; *Elgee Cotton Cases*, 89 U. S. (22 Wall.)

180, 188–190 ; *Zagury* v. *Turnell*, 2 Camp. 240 ; *Simmons* v. *Swift*, 5 B. & C. 857; *Macomber* v. *Parker*, 13 Pick. 175, 182–83; *Riddle* v. *Varnum*, 20 Pick. 280, 283–84 ; *Bradford* v. *Manly*, 13 Mass. 139, 142–44 (7 Am. Dec. 132); *Commonwealth* v. *Greenfield*, 121 Mass. 40; *Joyce* v. *Adams*, 8 N. Y. 291–297 ; *Foot* v. *Marsh*, 51 N. Y. 288–294 ; *Kern* v. *Tupper*, 52 N. Y. 550, 553 ; *Bailey* v. *Long*, 24 Kan. 90, 92 ; *Lester* v. *East*, 49 Ind. 588, 596 ; *T. W. & W. Ry. Co.* v. *Chew*, 67 Ill. 378 ; *Wilkinson* v. *Holliday*, 33 Mich. 386, 387.

II.   The contract contemplates a sale of certain hops represented by sample.   The agreement is an agreement to sell by sample, and it was so understood by the contracting parties : 2 Rapalje & Lawrence's Law Dic. p. 1147; 10 Am. & Eng. Enc. Law (1 ed.), 165 ; 2 Benjamin, Sales, p. 846 ; *Parkinson* v. *Lee*, 2 East, 314 ; *Bradford* v. *Manly*, 13 Mass. 139 (7 Am. Dec. 132); *Dickinson* v. *Gay*, 7 Allen, 29, 31 (83 Am. Dec. 656) ; *Sands* v. *Taylor*, 5 Johns. 410 (4 Am. Dec. 374) ; *Gallagher* v. *Waring*, 9 Wend. 20 ; *Hargons* v. *Stone*, 5 N. Y. 73 ; *Foot* v. *Marsh*, 51 N. Y. 288 ; *Kern* v. *Tupper*, 52 N. Y. 550 ; *Avery* v. *Willson*, 81 N. Y. 341–44 (37 Am. Rep. 501) .

III.   The contract is not an entire contract for the sale of two hundred and sixty-nine bales of hops, but a single contract relating to seven severable and distinct matters, containing independent covenants as to each : *Emerson* v. *Taunton*, 2 Taunt. 38 ; *Rugg* v. *Minett*, 11 East, 218 ; *Roots* v. *Lord Donner*, 4 B. & Ad. 77 ; *Comstin* v. *Chapman*, L. R. 2 H. L. 250 ; *Aldrich* v. *Pyatt*, 64 Barb. 391; *Mills* v. *Hunt*, 20 Wend. 431, 433 ; *Tipton* v. *Fertner*, 20 N. Y. 423–433 ; *Keeler* v. *Vandervere*, 5 Lans. 313–318; *Avery* v. *Willson*, 81 N. Y. 345–47 (37 Am. Rep. 501) .

For respondent there was an oral argument by *Mr. Milton W. Smith*, with a brief to this effect :

I.  The contract in the case is an entire contract: *Southwell* v. *Beezley*, 5 Or. at p. 461–462 ; *Sun Publishing Co.* v. *Minnesota Type Foundry Co.* 22 Or. p. 61; *Baker* v. *Higgins*, 21 N. Y. 397 ; 2 Parsons, Cont. (7 ed.) pp. 648–651; 2 Addison, Cont. (Morgan's ed.) § 562.

II.  The fact that the property sold is made up of seven or eight distinct parcels, cuts no figure upon the question of the entirety of the contract : *Sun Publishing Co.* v. *Minnesota Type Foundry Co.* 22 Or. at p. 61 ; *Mansfield* v. *Trigg*, 113 Mass. 350 ; *Morse* v. *Brackett*, 98 Mass. 205; *Clark* v. *Baker*, 5 Metc. at pp. 459–460.

III.  Nor does the provision contained in that contract, that part of the hops bought and sold are to be delivered at one time and the remainder at another, change the contract from an entire contract to a several contract : *Norrington* v. *Wright*, 115 U. S. 188 ; *Clark* v. *Wheeling Steel Works*, 53 Fed. Rep. 494.   .

IV.  The contract being entire, the appellant was bound, if he accepted any part of the hops, to accept all, and, having accepted and paid for part of the hops, he can not say that he rescinded the contract or refuse to take the remainder of the hops in Washington County, without returning to the respondent the entire lot of hops mentioned in the contract : *Sands* v. *Taylor*, 5 Johns. 405, 408 (4 Am. Dec. 374); *Morse* v. *Brackett*, 98 Mass. 205 ; *Clark* v. *Baker*, 5 Metc. 452 ; *Mansfield* v. *Trigg*, 113 Mass. 350 ; *Reynolds* v. *Palmer*, 21 Fed. at p. 438.

V.  The contract in question was not for a sale by sample : *Beirne* v. *Dord*, 5 N. Y. 95 (55 Am. Dec. 321) ; *Gunther* v. *Atwell*, 19 Md. 157 ; *Barnard* v. *Kellogg*, 77 U. S. (10 Wall.) 383 ; *Reynolds* v. *Palmer*, 21 Fed. 435, 455 ; 2

Schouler, Per. Prop. (2 ed.) § 359; *Gardiner* v. *Graves*, 4 Camp. 144.   See, also, *Day* v. *Ragnet*, 14 Minn. (Gil.) at p. 210;   *Salisbury* v. *Stainer*, 19 Wend. 159 (32 Am. Dec. 437).

Mr. Justice Bean, after stating the facts, delivered the opinion of the court.

This action seems to have been based on the theory that all the hops had been accepted by the defendant, which he denies.   There is some conflict in the findings of the court upon this issue.   It is stated therein that on and prior to November 10, 1896, defendant had an opportunity to inspect all the hops, and did "accept the same," and this finding favors such theory; but, upon the request of the defendant, additional and more specific findings were made, from which it appears that about the ninth of November the agents of plaintiff and defendant went to the farm of the grower of lot 68, in Washington County, for the purpose of inspecting the hops, but, finding them stored in an inconvenient place, it was agreed that they should be hauled to Tualatin, and the defendant should have an opportunity to inspect them there, and might reject them if they did not conform to the sample, but by mutual consent of the parties the hops were thereafter taken to Portland, and were inspected by defendant's agent, and rejected as not being of the kind and quality called for by the contract.   The court also finds that the bulk of the hops comprising such lot was not as represented by the sample, but was materially inferior thereto. The averment, therefore, that all the hops mentioned in the contract had been accepted by the defendant prior to the commencement of the action, is not supported by the findings; and it must be taken as a fact that lot 68 had not been delivered or accepted, and did not conform to the sample exhibited at the time the contract was made,

but was materially inferior thereto. The court ruled, however, in effect, that the defendant was bound to accept them at the contract price, and, for his refusal to do so, rendered judgment against him for the difference between such amount and what the plaintiff actually received on the resale of the hops. It is sought to sustain this judgment upon the theory that the contract for the sale of the hops was not severable, but entire, and that defendant, having received and accepted a portion, could not refuse to accept and pay for the remainder at the contract price, although they were inferior in grade and quality to the sample, without returning or offering to return those already received; and in support thereof the following cases are cited: *Clark* v. *Baker*, 5 Metc. (Mass.) 452; *Morse* v. *Brackett*, 98 Mass. 205; *Mansfield* v. *Trigg*, 113 Mass. 350. But these cases do not support plaintiff's contention. In each of them the contract had been executed by the delivery of the goods, and the question was as to the right of the buyer to retain such portion as conformed to the contract, and return the remainder. The doctrine of the cases is that, under an entire contract for the sale of separate articles or packages of property, the buyer, after the goods have been delivered, cannot rescind in part on discovering that a portion does not conform to the contract, but must return whatever he has received, if he wishes to rescind. If he returns a part only, the vendor may refuse to receive them, and maintain an action against him to recover a corresponding portion of the contract price, less the difference between the actual value of the inferior goods and what would have been their value had they corresponded with the contract: *Morse* v. *Brackett*, 98 Mass. 205. But none of the cases hold that a seller, under such circumstances, may recover the entire contract price for the inferior goods, as the court ruled in the case at bar. And, again,

the contract on which this action is based is an executory, and not an executed, contract. Under it no title to the hops passed to the defendant, nor was he bound to receive any of them, until after they had been inspected and accepted. This is the plain interpretation of the language of the contract, and was so understood by the plaintiff. In its reply it alleges that at the date of the execution of the contract the plaintiff and defendant were engaged in the business of buying and selling hops in Oregon, and a usage obtained in such business to the effect that when hops were to be bought and sold the seller exhibited a small quantity, taken from the bulk of the hops, and the sale was not consummated until the buyer had an opportunity to inspect such bulk and accepted the same, and that the contract set out in the complaint and referred to in the answer was made and entered into by plaintiff and defendant in accordance with such usage. Defendant was therefore not required, under the contract, to receive or accept either lot of hops unless it conformed to the sample, and the acceptance of one lot would not prevent him from rejecting the others if they were not equal to the sample: *Hubbard* v. *George*, 49 Ill. 275; *Cahen* v. *Platt*, 69 N. Y. 348 (25 Am. Rep. 203) ; *Kipp* v. *Meyer*, 5 Hun, 111. And, moreover, if it be admitted that the contract is entire, and that the defendant was bound, if the plaintiff had so insisted, to accept and receive all the hops or none, its entirety might be broken by the concurrent act of both parties ; and when the plaintiff delivered, and defendant accepted and paid for, a portion of the hops, without anything being said about the remainder, the parties by their conduct gave an implied assent to the severance of the contract to that extent at least : Benjamin, Sales, § 426. We think, therefore, that, under the findings of fact in this case, plaintiff was

not entitled to recover; and the judgment of the court below must be reversed, and the cause remanded, with directions to enter judgment in favor of defendant.

REVERSED.

Decided 20 November, 1899.