## United States Printing Co. v. The H. O. Wilbur Co.

1. CONTRACTS—*What is a Severable Contract.*—An order for three hundred thousand "wrappers of 'French Sweet' brand, to be duplicates of a sample furnished, and to be shipped, fifty thousand at once and the balance in fifty thousand lots, as called for in 1896," is a severable contract, and an acceptance of a part does not bind the vendee to accept the remainder of the order.

**Assumpsit**, on an order for goods. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

**Statement.**—This suit was brought by appellant against appellee to recover for certain chocolate wrappers which it manufactured and shipped to appellee. On October 29, 1895, appellee ordered of appellant 300,000 wrappers of "French Sweet" brand, to be duplicates of a sample furnished and to be shipped, 50,000 at once, and the balance in 50,000 lots, as called for during 1896. Appellant made a duplicate or proof of this sample and submitted it to appellee's representatives, who approved it and said to go ahead. Appellant made wrappers, as it claims, of the same kind and quality as the proof that was approved, and on January 10, 1896, shipped 50,000, which were received and paid for, but under objections and complaint as to the quality thereof.

Appellee called for no more of the wrappers. Appellant waited until near the close of 1896, and then shipped to appellee 198,600 more of the same wrappers, for which appellee has refused to pay, and for the contract price of which this suit was brought. Appellee defended on the ground that the wrappers furnished were not satisfactory, and not in accordance with the contract.

FLOWER, VROMAN & MUSGRAVE, attorneys for appellant.

CHARLES H. LAWRENCE and W. S. CARSON, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

That the defendant complained of the quality of the wrappers by it received, and notified the plaintiff that they were unsatisfactory, and while keeping and paying for these, that no more like them would be accepted, is clear.

The defendant did this as soon as it could reasonably have ascertained the fact. Such conduct did not constitute such an acceptance of part as bound it to accept the remainder of the order. The contract was a severable one, the agreement being that the goods were to be shipped in " 50,000 lots, as called for during 1896; " the rule, therefore, as to the acceptance of an unseverable portion does not apply to this case.

Nor was the vendee bound to return the remaining 300,000 afterward shipped " F. O. B." to its order. It had a right, as it did, to refuse to take from the railroad the residue, and was not bound to obligate itself for freight charges by shipping the wrappers afterward forwarded.

We see no sufficient reason for dissent from the conclusion of the court below that the goods received by the vendee were not such as it had contracted for, nor do we find any error in the holding of the court upon the questions of law submitted, that warrants a reversal of its judgment.

The rule announced in Keeler v. Clifford, 62 Ill. App. 64, 165 Ill. 544, and Hubbard v. George, 49 Ill. 275, as to severable contracts, is applicable here.

We do not regard Harzfeld v. Converse, 105 Ill. 534, or Wolf v. Dietsch, 75 Ill. 205, as at variance with the foregoing.

It is contended that the goods were sold by sample and that there was no warranty other than that they should be like the sample.

If this were so, still the evidence was such that the court might have found that the wrappers did not correspond with the sample.

The judgment of the Circuit Court is affirmed.