### ROBERT GAIR CO. v. LYON et al.

(Supreme Court, Appellate Term. December 11, 1906.)

SALES—ARTICLES TO BE MANUFACTURED—CONTRACT—BREACH—WAIVER.

> A manufacturer received an order from a dealer for the manufacture of cartons to contain a specified address and to be delivered in installments. The manufacturer delivered an installment which did not contain the address, but which the dealer accepted and paid for. The manufacturer delivered a second installment, which the dealer refused to accept on the ground that the cartons did not contain the address. *Held*, that the dealer's acceptance of the first installment did not amount to a waiver of his right to reject the second.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by the Robert Gair Company against Israel W. Lyon and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Richard B. Aldcroft, Jr., for appellant.
Theron L. Carman, for respondents.

FITZGERALD, J. The facts are admitted, and substantially but one question of law is submitted upon this appeal. Plaintiff and defendant had mutual business relations extending over a period of 18 years prior to 1904; plaintiff manufacturing blue cardboard cartons, which were used by defendants as receptacles for tooth powder. From time to time changes were made in the make-up of the cartons, and on November 3, 1902, defendants sent a written order to plaintiff, which was duly received, for 1,000,000 cartons to be delivered in installments during the year 1903, which order concluded with the words, "Please change the address to 520 W. 27th Street." The address up to that time had been "139 & 141 Charles Street." Plaintiff filled the order and neglected to make any change in the address, and the entire 1,000,000 were delivered, accepted, and paid for bearing the old words in the usual place, "139 & 141 Charles Street." It seems that plaintiff overlooked defendants' directions and that defendants overlooked plaintiff's mistake. In September, 1903, a further written order for another 1,000,000 cartons was given. This order was mute on the subject of address, but contained the words "same as last," to be delivered in installments during 1904. Thereafter, on April 11, 1904, under this last contract, plaintiff made up and delivered 114,450 boxes, on each of which the address given was still "139 & 141 Charles Street." This lot was also received by defendant, accepted, and paid for. On May 11, 1904, the second installment under the new contract of 114,500

boxes was tendered for delivery, but defendants refused to accept or pay for them; the ground of rejection being that the boxes had in small letters in one lower corner the address printed as "139 & 141 Charles Street," instead of what they claimed it should have been, "520 W. 27th Street."

It is not disputed but that plaintiff's mistake in the first instance constituted a breach of contract, but it is contended that this breach upon its part was waived by the defendants in accepting and retaining the imperfect boxes after a reasonable time for inspection. It was said in Crane Co. v. Collins, 103 App. Div. 480, 93 N. Y. Supp. 174, that:

"Where articles of a particular description are agreed to be manufactured or sold, and the articles are not of the kind specifically described, a retention of them after the defect could with reasonable diligence have been discovered is a waiver of the defect."

And under this rule, as to the installment of imperfect cartons accepted and retained, defendants have clearly waived any breach of the condition of the contract; but can it be held that by such waiver they forfeit their right to reject future installments of concededly imperfect boxes? In Cahen v. Platt, 69 N. Y. 348, 25 Am. Rep. 203, which action was by a vendor to recover damages for breach of an executory contract for the sale of glass, 10,000 boxes of glass of approved standard quality were to be delivered in installments. Within a period of four months 5,000 were delivered and paid for, and vendee refused to receive any more. Defendant claimed that glass was not of approved standard quality. It was held by the Court of Appeals, in an opinion by Judge Earl, that as vendee at no time offered to return the goods accepted and complained of the fact that they were inferior, under such circumstances it would not justify a repudiation of the contract altogether; that vendee could have demanded better glass in future, and, if such as the contract called for was not then furnished, he could refuse to accept it. The installment of goods in suit were not as contract called for. The acceptance of the previous imperfect installment constitutes for that reason no waiver of the right to reject. Defendants might not repudiate the contract altogether, but were not deprived of their right to insist that future installments should conform to the conditions of the contract. The installment, delivery of which was tendered, and which constitutes the subject-matter of this action, did not so conform, and was properly rejected. Plaintiff could not reasonably contend that it would be justified in completing the entire order without correcting the address, and that defendant would be bound to accept and pay for the entire second 1,000,000 of boxes bearing words thereon misleading and prejudicial; yet in principle this is what is asked for.

Judgment affirmed, with costs. All concur.