FRANK H. CRAIG *vs.* JOHN J. LANE.

Suffolk.    March 25, 1912. — May 25, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Contract*, Performance and breach.

A Maine shipper of potatoes sold to a Boston dealer three car loads of potatoes. A "car load" according to the custom of the trade meant as many bushels as would about fill such a car as the shipper chose to load, the exact number of bushels being named in an invoice. After shipment of three carloads of potatoes, the shipper in accordance with another custom of the trade made out three drafts each covering the purchase price, less the freight, of the potatoes which he felt satisfied were in one of the cars, attached the bills of lading to the respective drafts and sent the drafts to Boston for collection. The purchaser paid

one draft and received and resold the potatoes in the car corresponding to that draft. Discovering that that car contained fifty-nine bushels less than it should have contained according to the invoice, the purchaser refused to pay the other drafts or to accept the other car loads of potatoes. The shipper brought an action for the purchase price of the other two car loads. The purchaser contended that the action could not be maintained because of the shortage in the first car. *Held*, that the action might be maintained, the contract being entire and at no time having become severed, and rescission being impossible because the defendant had resold the potatoes in one car.

CONTRACT for the balance of the purchase price of three car loads of potatoes alleged to have been sold to the defendant by the plaintiff. Writ in the Municipal Court of the City of Boston dated March 24, 1908.

On appeal to the Superior Court, the case was tried before *Bell*, J. There was evidence tending to show that the plaintiff, a shipper of potatoes in Maine, through a produce broker in Boston sold to the defendant three car loads of potatoes at a certain price, and that in the potato trade a "car load" meant as many bushels as would about fill such a car as the shipper chose to load, the exact number being named in an invoice; that in accordance with a custom in the potato business in Boston, the plaintiff, having loaded and shipped to the defendant the three car loads of potatoes, drew separate drafts upon the defendant for the contract price, less the freight, of the number of bushels of potatoes which he was satisfied each car contained, and attached to the draft the bill of lading of that car; that the defendant paid one draft and received and resold the carload it related to; and afterward, contending that the car which that draft covered contained fifty-nine bushels less than the plaintiff's invoice stated, five hundred and fifty bushels, refused to accept the potatoes in the other cars or to pay the other drafts until the alleged shortage could be adjusted.

At the close of the evidence the defendant asked for the following ruling:

"If the jury finds as a matter of fact on all the evidence in this case, that the defendant entered into a contract with the plaintiff for the purchase of three cars of potatoes at ninety cents per bushel to be delivered in Boston with the number of bushels in each car as stated by the plaintiff, and the cars were delivered in Boston, and if the jury further finds that bills of lading were in the bank,

with drafts attached, drawn for the full value of the cars according to the number of bushels stated by the plaintiff, and if the jury further finds that the defendant took up one of these drafts on a car containing five hundred and fifty bushels with draft drawn for the value of the car, and if the jury further finds on all the facts in this case that there was a shortage of fifty-nine bushels, or thereabouts, then the plaintiff has failed to carry out his contract, and the defendant is not obliged to take the other two cars."

The ruling was refused. The jury found for the plaintiff in the sum of $334.14; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. F. Kimball,* for the defendant.

*J. Cavanagh & C. H. Walker,* for the plaintiff.

SHELDON, J. We see no ground on which the exceptions can be sustained. The ruling asked for by the defendant could not have been given; and that is the only question presented.

The defendant's contract was an entire one for the purchase of three cars of potatoes; and it was not severed by the fact that the plaintiff shipped them at different times and drew a separate draft for the alleged contents of each car at the agreed price. We assume without deciding that upon discovering the shortage which he claimed in the load of the first car he might have declined to accept it and rescinded his contract. But he chose not to do this. Instead of doing so he accepted that car load and sold it to a customer of his own, thus putting it beyond his power to return it to the plaintiff. He could not then rescind the contract by reason of the shortage. He must seek his remedy under the contract by way of set-off or recoupment, or by an independent action. *Morse v. Brackett,* 98 Mass. 205. *Mansfield v. Trigg,* 113 Mass. 350. *Barrie v. Earle,* 143 Mass. 1. *Obery v. Lander,* 179 Mass. 125, 130. *Fullam v. Wright & Colton Wire Cloth Co.* 196 Mass. 474, 476.

*Exceptions overruled.*