# SHOTWELL-JOHNSON COMPANY v. C. O. D. TRACTOR COMPANY.[1]

February 2, 1923.

No. 23,231.

**Acceptance of defective instalment of goods from manufacturer does not prevent refusal of subsequent instalments.**

1. Where a manufacturer contracts to furnish goods of a specified quality in instalments and delivers an instalment defective in quality, the purchaser may accept it without waiving the right to refuse to accept subsequent instalments of the defective goods.

**Refusal to accept does not require return of those already accepted.**

2. A refusal to accept any more of the defective goods is not a rescission of the contract within the rule which requires a return of those previously received.

Action in the district court for Hennepin county to recover $5,-272.85 for breach of contract. The case was tried before Moly-neaux, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Arthur M. Higgins* and *A. H. David*, for appellant.

*Orin M. Oulman*, for respondent.

[1]Reported in 191 N. W. 813.

TAYLOR, C.

Defendant, a manufacturer of farm tractors, entered into a contract with plaintiff in December, 1916, by which plaintiff agreed to manufacture and furnish to defendant, ready for use, 100 radiators for these tractors to be delivered in instalments and paid for as delivered. The number of radiators to be furnished was later increased to 400. The contract contained this provision:

The second party (plaintiff) guarantees that the above radiators shall be made of good material and in a workmanlike manner and that they shall do the work well for which they are intended. Any defect found in the radiator or any part thereof either in workmanship or material shall be replaced free of cost to the first party.

The first instalment was delivered about March 1, 1917; other instalments were delivered from time to time thereafter until defendant terminated the contract in the following December. When purchasers began using the tractors in the spring or summer of 1917, it was discovered that the radiators were made of such weak material so unsubstantially put together that when they were put in actual use the seams or joints gave way. Defendant notified plaintiff repeatedly of the defects. Plaintiff attempted to remedy them, but without any beneficial result. In December, 1917, defendant notified plaintiff to make no more radiators until further notice, as they had not determined "how the difficulty could be remedied but something must be done so as to make the radiators strong enough to stand up on the tractor."

No more radiators were ordered, and this notice is treated by both parties as a refusal to accept further deliveries and as terminating the contract. Plaintiff had delivered 213 radiators and had been paid therefor in full as provided in the contract.

Thereafter plaintiff brought this action to recover the profits which it would have realized on the remainder of the radiators and the expenditure for labor and material which it had made in preparing to construct them. Defendant answered that it had refused to accept further deliveries for the reason that the radiators were made of such weak and inferior material and in such an unworkmanlike

manner that they would not hold together. The trial resulted in a verdict for defendant, and plaintiff appealed from an order refusing a new trial.

Plaintiff contends, in substance, that defendant could not accept a part of the radiators and reject the remainder; that, having accepted several lots with knowledge of the defects, defendant was bound to accept the full quantity contracted for, and to seek its remedy for the defects in an action for breach of warranty. In support of this contention, plaintiff invokes the rules governing the rescission of contracts. We cannot apply those rules to a case like this. Plaintiff had contracted to manufacture and deliver the radiators in instalments, and had guaranteed that they would be of good material, well made and fit for the purpose intended. The fact that defendant accepted the instalments which had been delivered, knowing at the time that the radiators were defective, imposed no obligation on it to continue to accept defective radiators. It had the right to refuse to receive subsequent instalments of the defective articles, especially after notifying plaintiff of the defects. American Pail & Box Co. v. Oakes, 64 Mo. App. 235; Robert Gair Co. v. Lyon, 52 Misc. 139, 101 N. Y. Supp. 787; Cahen v. Platt, 69 N. Y. 348, 25 Am. Rep. 203; Enterprise Mnfg. Co. v. Oppenheim, Oberndorf & Co. 114 Md. 368, 79 Atl. 1007, 38 L. R. A. (N. S.) 548; Russell v. Lilienthal, 36 Ore. 105, 58 Pac. 890; Coburn v. California Co. 144 Cal. 81, 77 Pac. 771; Cook v. Brandeis & Crawford, 3 Metc. (60 Ky.) 555; Overman & Schrader v. Nelson & Bros. 15 Ky. Law Rep. 92; Hubbard v. George, 49 Ill. 275; U. S. Printing Co. v. H. O. Wilbur Co. 98 Ill. App. 20; Smith v. Levy, 37 Pa. Super. Ct. 551; Pacific C. E. Co. v. Bravinder, 14 Wash. 315, 44 Pac. 544.

Where a manufacturer, who has contracted to furnish goods of a certain quality and to deliver them in instalments, delivers an instalment defective in quality, the purchaser may accept such instalment without waiving his right to insist that subsequent instalments shall be of the quality specified, and he may refuse to receive any more of the defective goods. Such a refusal is not a rescission of the contract in any proper sense, but rather an insistence that it

be complied with, and a refusal to waive further breaches of it by the manufacturer.

Plaintiff makes no claim that the remainder of the radiators would have been any better or any different from those delivered. Its contention is that defendant, having accepted a part of the radiators knowing them to be defective, could not refuse to accept the remainder, although knowing that they would also be defective; that defendant having failed to return the radiators received had not brought itself within the rules governing rescission, and therefore was bound to accept the full number contracted for, and seek redress in an action for breach of warranty. We cannot sustain this contention. Defendant was under no obligation to accept defective radiators, and had the right to refuse further deliveries when it became evident that plaintiff either could not, or would not, furnish them of the character and quality promised.

Order affirmed.