## Com. ex rel. Harkins *v.* Hinkson, City Treasurer.

*Mandamus—Public officers—Salaries.*

Where a judgment has been obtained by a policeman against a city for services, the city cannot object, in mandamus proceedings to collect the judgment, that plaintiff's contract of employment with the city was invalid.

Where the city has sufficient funds in its treasury applicable to the payment of such a debt, it cannot object that when the appropriation was made the existing force of policemen was seventeen men, that plaintiff and four others were employed subsequently, and that if plaintiff's claim were paid, the fund would be insufficient to pay the original seventeen men during the whole year for which the appropriation was made.

Argued April 14, 1894. Appeal, No. 371, Jan. T., 1894, by defendant, Henry Hinkson, city treasurer of Chester borough, from judgment of C. P., Delaware Co., Sept. T., 1893, No. 220, on demurrer to petition for mandamus. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Demurrer to petition for mandamus.

The facts appear by the following opinion of the court be-low, by HEMPHILL, J., 15th district, specially presiding:

"John Harkins, a duly and legally appointed policeman of the city of Chester, unable to secure payment for services rendered said city as a policeman, brought suit for the same before an alderman of said city, and, on Oct. 30, 1893, recovered a judgment for $120.60, from which neither appeal nor certiorari has been taken, and, on Nov. 20, 1893, judgment on the transcript of said alderman was entered in this court.

"Demand for payment of this judgment having been refused by the treasurer of said city, a writ of alternative mandamus issued out of this court, on Dec. 5, 1893, to said treasurer, directing him to pay said judgment, interest and costs, or show cause why the same should not be paid.

"The treasurer, in his answer, filed Jan. 19, 1894, admits that he has in his hands, as treasurer of said city, the sum of $3,338.97, and adds that 'if it be the judgment of the court that part of the said sum shall be paid by him to the relator, he respectfully submits himself to the order and decree of the court in the premises.'

"In addition to this, two answers were filed, on Dec. 18, 1893, and Jan. 19, 1894, by John L. Hawthorne, controller of the said city of Chester, who, by decree of this court, made Dec. 5, 1893, was granted the right, in his own behalf and that of the taxpayers of said city, to intervene as a party defendant in this proceeding. Mr. Hawthorne, in these answers, urges that a peremptory mandamus should not issue for two reasons, viz.: (1) Because the contract of employment made with the relator was illegal. (2) Because there are no funds in the city treasury applicable to the payment of this judgment.

"In reply to the first reason, it is sufficient to say that the legality of the contract having been passed upon by a court of competent jurisdiction, and its judgment affirming its legality standing unreversed, and not appealed from, cannot be impeached in this proceeding.

"In his second reason he does not allege that there are no funds in the treasury, but none applicable to the payment of this debt. By this he means, as we learn from the depositions in evidence, that when the annual appropriation was made for the police department in April, 1893, it was based upon the

268 COM. ex rel. HARKINS *v.* HINKSON, City Treasurer.

Opinion of Court below.                    [161 Pa.

then existing force of seventeen men; that in June following five additional policemen were appointed, one of them the relator; that the appropriation is insufficient to pay the whole force of twenty-two men; that on Dec. 1, 1893, there remained unexpended of the said appropriation $5,269.68, all of which will be required to pay the seventeen men appointed prior to June, 1893, and who he claims have a prior right to payment out of this fund.

" As all the policemen on the force were appointed by the same authority, and the appropriation for their pay made in gross, and as no law or ordinance has been pointed out that makes any discrimination between them by reason of priority of appointment, or authorizes any one to make such discrimination, we are unable to comprehend how any preference can be given, where all alike perform their duty and earn their pay. Because the appropriation will be exhausted before the end of the fiscal year is no excuse, so long as it lasts, for the nonpayment of those entitled to be paid, and when exhausted the city must make provision for the current and future expenses in this, as in every other department, when they find they have miscalculated the appropriation necessary, and there is or will be a shortage.

" Had the city in June, when the five additional policemen were appointed, deemed it necessary or advisable to have reorganized the department by the appointment of twenty-two entirely new men, the appropriation would not have been sufficient to have paid all, yet how and by what authority could there have been any discrimination made between them in payment for like services performed under like terms of contract ?

" We know of no law that exempts a municipality any more than an individual from the payment of its debts, and since it appears that the city of Chester has over $5,000 of its police appropriation unexpended, and over $3,000 in its treasury, we can see no good or valid reason for the nonpayment of the judgment of this relator.

" And we do, therefore, order and direct that a writ of peremptory mandamus issue, directed to Henry Hinkson, treasurer of the city of Chester, commanding him to pay the relator, John Harkins, his judgment of $120.60, together with interest and costs recovered against said city and of record in this court."

COM. ex rel. HARKINS *v.* HINKSON, City Treasurer. 269

1894.]        Assignment of Error—Opinion of the Court.

*Error assigned* was above order.

*Garnet Pendleton, P. M. Washabaugh* and *George S. Graham*
with him, for appellants, cited : Com. v. Comrs. of Lanc. Co.,
6 Binn. 5 ; Com. v. Comrs. of Phila. Co., 1 Whart. 1 ; Mitch-
ell v. Comrs., 2 Pitts. 417 ; Com. v. Comrs. of Phila. Co., 2
Whart. 286 ; Com. v. Floyd, 2 Pitts. 342 ; Act of May 23,
1889, § 10, art. 6, P. L. 277 ; Russell v. Smith, 1 Phila. 425 ;
Stockdale v. Campbell, 1 Phila. 520 ; Greenl. Ev. §§ 524, 535 ;
Peterson v. Lothrop, 34 Pa. 223 ; Giltinan v. Strong, 64 Pa.
242 ; Stark. Ev. § 324 ; Brannan v. Kelley, 8 S. & R. 479 ;
King v. King, 1 P. & W. 15 ; Kreamer v. Purvis, 38 Leg. Int.
262 ; 4 Waite's Actions and Defences, 602 ; Phila. v. Flanigan,
47 Pa. 27 ; City of Erie's Ap., 91 Pa. 398 ; Lehigh Co. v. Klech-
ner, 5 W. & S. 181 ; Acts of April 15, 1834, P. L. 511 ; June 13,
1836, P. L. 551 ; Dil. Mun. Corp. §§ 136, 136*a*, 504, 880 ; Ma-
zet v. Pittsburg, 137 Pa. 548 ; Wilkes-Barre's Ap., 109 Pa.
554 ; Act of April 20, 1874, P. L. 65 ; McPherson v. Foster
Bros., 43 Ia. 48 ; Wimer v. Worth Twp., 104 Pa. 317 ; Lehigh
Coal & Navigation Co.'s Ap., 112 Pa. 360.

*William B. Broomall,* for appellee, cited : 15 A. & E. Ency.
1018 ; City of Erie's Ap., 91 Pa. 398 ; Williamsport v. Com.,
84 Pa. 487, 90 Pa. 498 ; Act of May 23, 1889, P. L. 277 ;
Boyd v. Miller, 52 Pa. 431 ; Lacock v. White, 19 Pa. 495 ;
McKinney v. Brown, 130 Pa. 365 ; Dailey v. Gifford, 12 S. &
R. 72 ; Littster v. Littster, 151 Pa. 475 ; Roland v. Spitz, 153
Pa. 590.

Per Curiam, April 23, 1894 :

Vigilance on the part of all officers intrusted with the dis-
bursement or oversight of public moneys cannot be commend-
ed too highly.   It is better to err on the side of safety than on
that of carelessness or extravagance.   In this case we think the
controller has carried official vigilance beyond the limits of his
official authority.

The writ of mandamus was properly issued, and the action
of the court below is fully vindicated by the opinion of the
learned judge who directed the writ.

The order is now affirmed.