WALLACE, Circuit Judge.
This is a writ of error by the plaintiffs in the court below to review a judgment entered upon the verdict of a jury.
The action was brought to recover the agreed price for goods sold and delivered by the plaintiffs to the defendants. The defense was a recoupment of damages for breach of warranty by the plaintiffs of the quality of the goods. The plaintiffs admitted the warranty, but denied the breach. The jury found upon this issue for the defendants, rendering a verdict for the plaintiffs for the sum of §1,106.25, being the purchase price of part of the goods and the sum realized by the defendants from a sale of the balance at auction.
It appeared upon the trial that in June, 1895, the defendants, merchants in business at Zanesville, Ohio, ordered of the plaintiffs, manufacturers of fur garments at New York City, 173 fur capes, at separate specified prices, which were to be perfect and like certain samples. Pursuant to the order the capes were made and shipped by the plaintiffs in July, and received by the defendants about the 1st of August. The defendants retained some of the goods as acceptable, but, insisting that the rest did not correspond to the warranty, and were unmerchantable, reshipped them to the plantiffs at New York City, notifying them accordingly. The plaintiffs declined to accept the goods, and in the following December the defendants caused them to be sold at auction. It appeared that there had been a steady decline in the market prices of fur goods since August, and that in December prices were 50 per cent, lower than in August. The evidence for the plaintiffs tended to show that the goods were in all respects perfect and according to the sample, and that they were at the time of the shipment equal in value to the agreed price. Evidence on the part of the defendants was given showing the amount which the goods brought at the auction sale, and also tending to show that the goods, in their imperfect condition, were not worth more than 25 or 30 per cent, of the market value of perfect goods. The defendants were permitted to show, against the objection and exception of the plaintiffs, that the expenses of the auction sale were §67.
The trial judge instructed the jury that the plaintiffs were entitled to recover the price of the goods which were accepted by the defendants, and, as to the rest of the goods, that, if they did not correspond *932 to the warranty, the defendants were entitled to return them, and, if the plaintiffs refused to accept them, the defendants were entitled to sell them on account of the plaintiffs, and were to respond only for the nroceeds realized from the auction sale. The plaintiffs excepted to the latter part of the instruction, and asked the court to instruct the jury that the defendants were only entitled to recoup the difference in value between perfect goods and the goods as they were at the time of the sale and delivery. This instruction was refused, and the plaintiffs excepted.
Error is assigned of the instruction which was excepted to, and of the refusal to instruct as requested by the plaintiffs, and also of the ruling of the court in admitting the evidence of the expenses of the auction sale.
When there is an express warranty upon an executory contract! of sale, and the articles which are the subject of the contract are found, when delivery is tendered to the vendee, not to correspond to the warranty, two remedies are open to him: He may return the articles and rescind the contract, or he may accept them and, affirming the contract, recover upon the warranty. Pope v. Allis, 115 U. S. 363, 6 Sup. Ct. 69; Bagley v. Cleveland Rolling-Mill Co., 22 Blatchf. 342, 21 Fed. 159; Day v. Pool, 52 N. Y. 416; Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51. The right to rescind arises, not because the contract of warranty is broken, but because the articles do not correspond with the contract of sale, and the vendee is not bound to accept that which he did not agree to buy,—a consideration which has sometimes been overlooked in the adjudged cases.
A rescission contemplates that both parties shall be placed in statu quo, and ordinarily the vendee of goods who proposes to rescind the contract for their purchase must rescind in toto. But, where the contract of purchase embraces a number of distinct articles at different prices, then, even if they are of the same general description, so that a warranty of quality would apply to each, the contract is not entire, but is, in effect, a separate contract for each article, and a right of rescission exists as to each. Manufacturing Co. v. Wakefield, 121 Mass. 91. But, if one consideration is to be paid for all the articles, so that it is not possible to determine the amount of consideration paid for each, the contract is entire, and there cannot be a rescission without an offer to return the whole. Miner v. Bradley, 22 Pick. 457; Lyon v. Bertram, 20 How. 149.
In the present case the defendants elected to rescind, and were entitled to rescind as to that part of the goods which did not correspond with the warranty; but, by the refusal of the plaintiffs to receive the returned goods, they found themselves in the custody of the goods at a distant city. It then became proper for them, if it was not obligatory, to take such measures as would be most expedient to save unnecessary loss to the plaintiffs. If they had stored them, they would have been entitled to recover the reasonable expenses. If it was more expedient to sell them, and if they exercised reasonable diligence in selling them, they only became responsible for the proceeds. See Story, Sales, §§ 4Ó8, 409, where the authorities are cited. There was a long delay in making the sale, but the circumstances *933 which might supply an explanation for the delay are not in the record, beyond the fact that the defendants were endeavoring to induce the plaintiffs to arbitrate their differences. By the exception to the instruction given by the trial judge, and the request for the instruction which he refused, the plaintiffs sought to have the rule of damages applied to the case which would have been appropriate if the warranty had been made upon an executed sale, instead of upon an executory contract of sale.
Error is also assigned of the admission of evidence, introduced by the defendants, showing their attempt to induce the plaintiffs to arbitrate. This evidence was competent, as tending to explain the delay which occurred in selling the goods.
Error is also assigned of the reception in evidence of certain letters, written by the defendants to the plaintiffs during the period between the reshipment of the goods and their sale at auction. We find no objections or exceptions in the record to the admission of these letters, except to the letter of October 11, 1895. This was a letter from the defendants proposing to arbitrate. It was admissible for reasons which have been stated. If it contained other matter which was inadmissible for any reason, an objection should have been taken to reading that part of the letter. ISTo such objection was taken.
We find no error in the rulings at the trial, and conclude that the judgment should be affirmed.