### BARNETT v. PERRINE.   (No. 2098.)

(Court of Civil Appeals of Texas. Amarillo. March 21, 1923. Rehearing Denied April 18, 1923.)

1. **Appeal and error ⇐215(1)—Charges unobjected to not considered.**

   Where no objection was made to a charge submitting an issue whether unloading of wheat consigned to plaintiff was an acceptance under the sales contract, any assignment of error predicated thereon cannot be considered.

2. **Appeal and error ⇐216(5) — Requested peremptory charge marked "refused" above judge's signature entitles requesting party to review.**

   Where a requested peremptory charge, with the indorsement "refused" above the signature of the trial judge, bears file mark of the date of filing of the general charge, under Vernon's Ann. Civ. St. Supp. 1918, art. 1974, the requesting party is entitled to have the refusal reviewed, notwithstanding his failure to object to the general charge.

3. **Sales ⇐134—Rule where buyer can sell goods for seller's account without being responsible for acceptance stated.**

   Where buyer has paid for goods or paid freight thereon and gives notice of rejection because goods are not up to quality and sell-

er refuses to give directions for disposition, then the buyer may, in good faith, sell the goods for seller's account without being held responsible as for an acceptance under the contract.

**4. Sales ⚖️178(1)—Unloading wheat without notice to seller as to the unfitness under contract held not acceptance by buyer.**

In view of the fact that the rule of the grain dealers, requiring notice to seller in case grain shipped does not come up to contract, does not state what shall be done in case seller refuses to give instructions for disposition after notice, or if notice cannot be given or immediate action is necessary to preserve the property from danger, unloading of goods by the buyer cannot be held an acceptance under the contract.

**5. Sales ⚖️393—Seller's peremptory charge improper in buyer's action for difference between the amount paid on contracts for wheat and the amount realized from its sale for seller's account.**

In action by buyer for the difference between the amount paid on contracts for wheat before arrival and the sum realized from sale for seller's account, because of failure to grade, even though the buyer's acts in receiving wheat constituted an acceptance on the contract, buyer would only be held to the acceptance as to the lowest contract grade, and, being thus entitled to recover the larger per cent. of his claim, seller's peremptory charge was properly overruled.

**6. Trial ⚖️351(2)—Refusal to submit request of innocent purchaser held error.**

In view of Vernon's Ann. Civ. St. Supp. 1918, art. 1974, where a requested issue of innocent purchaser and instructions made a part of it were not correct but were sufficient to call the court's attention to the matter and require the submission of the issue, the failure to so submit it was reversible error.

**7. Bills and notes ⚖️343—Innocent purchaser for value before maturity may recover.**

An innocent purchaser of a land-purchase note for value before maturity may recover thereon, and the fact that the purchaser knew it was given in part payment for land would not prevent him from being an innocent purchaser, if at the time of his purchase he was not otherwise charged with knowledge of or responsible for misrepresentation as to the land location.

**8. Principal and agent ⚖️136(1)—Agent not liable for principal's deceit.**

Where an agent, acting in good faith, but unfamiliar with the location of land, accompanied his principal to show it to a prospective purchaser, he is not liable for the principal's misrepresentation as to its location.

**9. Fraud ⚖️31—Remedies stated.**

Where purchaser of land has been deceived by vendor as to its location, he may rescind the contract or affirm it or bring an action for damages for deceit.

Appeal from District Court, Donley County; Henry S. Bishop, Judge.

Action by Nat S. Perrine against M. O. Barnett. Judgment for plaintiff, and defendant appeals. Affirmed in part, and in part reversed and remanded for new trial.

Curtis E. Thompson and R. J. Dillard, both of Clarendon, for appellant.

Cole & Simpson, of Clarendon, for appellee.

BOYCE, J. This suit was brought by Nat S. Perrine against M. O. Barnett. Plaintiff alleged that he contracted, by separate contracts for each car, to buy from the defendant four cars of wheat at fixed prices per bushel, on basis of a stated price on red or hard winter wheat No. 1, with stated deductions for lower grades, to be delivered at Texas common points, destination weights and grades to govern. That three cars of wheat were shipped on these contracts and plaintiff paid drafts drawn on him by defendant attached to bills of lading covering the shipments. That on the basis of the destination weights and grades plaintiff had overpaid the defendant certain specified amounts on these three cars of wheat. Plaintiff also sued for damages for failure to deliver one car of wheat under contract. The only questions on appeal concern two cars of wheat shipped which graded below No. 5 at destination, and we need make no further statement as to the pleading or facts in reference to the other two cars.

The defendant answered that as to these two cars the grade of the wheat at destination was below any grade for which discount was provided by the contract; that the plaintiff accepted and unloaded the wheat without objection and notice to the defendant and could not, under the contract, deny that the wheat was accepted thereunder.

The plaintiff, by supplemental petition, alleged that under the contract he had the right to unload the wheat and apply the same on the contract without notifying the defendant; and further that after inspection of the wheat at destination he exercised reasonable diligence to notify the defendant of the facts and get instructions from him as to disposition; that being unable to "locate defendant, for the purpose of saving himself and the defendant from greater loss by allowing the wheat to remain packed in said cars, heating and souring, he unloaded said wheat and sold the same for the highest price obtainable, for that grade of wheat, etc." He pleaded further that in the event he was not entitled to recover the difference between what he received for the wheat and what he had paid defendant therefor, he would "in any event be entitled to recover the difference between No. 1 and No. 5 wheat, a total of 14 cents per bushel, aggregating $776.63."

The facts necessary to dispose of the ques-

tions here presented are as follows: 'The contracts for the purchase of these two cars of wheat were substantially the same. They each provided for the purchase by plaintiff of defendant of one "80,000-pound car No. 1, red or hard winter wheat; No. 2 three cents less; No. 3 six cents less; No. 4 ten cents less; No. 5 fourteen cents less; mixed, two cents less, at $1.32½ per bushel (for one car and $1.33 per bushel for the other), basis No. 1, delivered T. C. P. * * * destination weights and destination grades to govern." Barnett shipped the cars at different times and drew drafts with bills of lading attached on Perrine for the price, figured on basis No. 1 wheat, with some deductions to cover freight and to protect weights and grades. These drafts were paid by Perrine. One of the cars at destination, Fort Worth, was slightly short in weight and was officially graded, "Sample grade, hard winter wheat, smutty, hot and musty." The other car at Dallas graded, "Sample grade, mixed, hot and musty, heat damaged." There are five recognized grades of wheat, No. 1 to No. 5, inclusive, and among grain dealers price of any one of these grades may be arrived at by using the price of No. 1, as a basis, and making recognized deductions therefrom for other grades. "Sample grade" means no grade, and there is no accepted rule of establishing the price by reference to a basis price on other grades. Sample grade is below grade 5 and wheat of sample grade is sold and the price ascertained only on inspection of sample. The condition of the wheat in these two cars on arrival at destination was such that proper handling required that the wheat be unloaded at once to preserve it from further damage. Plaintiff and defendant both lived in the same town. Plaintiff tried to find defendant to give notice and get instructions for disposition of the wheat, but defendant was away from home and plaintiff was unable to locate him. The jury found that plaintiff used ordinary care to notify the defendant. Plaintiff thereupon had the wheat unloaded and sold, receiving the market value therefor. The contracts for sale were made with reference to the "grain dealers' rules," and both parties rely on rule 27 thereof as sustaining their respective claims in this case. This rule provided that purchasers on receiving grain or hay lower than contract grade should immediately notify the seller by wire of the condition and grade of the grain, and that it should thereupon be the duty of the seller to wire disposition at once; that the purchaser "is not permitted to unload off-grade grain or hay without first obtaining the consent of the shipper except when the discount at which off-grades are to be accepted is specified in the contract. * * * And that if car is unloaded without objection of buyer or consent of shipper before rejection, unless in case of plugged cars or damage discovered while unloading, the buyer shall have no recourse against the shipper."

Judgment was for the plaintiff for the difference between what he received for the wheat and the amount plaintiff had paid the defendant on these two cars, in addition to the amount allowed on the other two cars as to which no question is made.

[1, 2] The appellant insists that the unloading of the wheat by Perrine without notice was an acceptance thereof under the contract and that appellant was entitled to judgment on the claim as to these two cars. This contention is presented by two assignments; one based on error in the charge in submitting any issue as to such matters; the other on refusal to give defendant's requested peremptory instruction thereon. Appellant filed no objections to the charge, and his assignment, complaining of error in the charge, cannot be considered. Appellee objects. to the consideration of the other assignment because no exception was taken to the court's refusal of the instruction, and further because the appellant, having failed to object to the charge given, could not complain of refusal of the court to give a charge inconsistent therewith. The requested charge with the indorsement, "Refused," above the signature of the trial judge, bears file mark of the date of the filing of the court's general charge. Under the law, as it was amended by the act of 1917, this is all that was necessary to "entitle the party requesting such charge to have the action of the trial judge in refusing the same reviewed on appeal." Article 1974, Vernon's Sayles' Civil Statutes 1918, Suppl. We have held in such cases that the failure to object to the charge of the court does not prevent consideration of assignments of error based on refusal of the requested instruction. Rabinowitz v. Smith (Tex. Civ. App.) 190 S. W. 197; C. & S. R. Co. v. Rowe (Tex. Civ. App.) 224 S. W. 936 (17–19). While this holding is in conflict with that of some of the other Courts of Civil Appeals, the action of the Supreme Court in granting writ of error, and what was said by the Commission of Appeals in the decision later rendered, in the case of I. & G. N. R. Co. v. Bartek (Tex. Com. App.) 213 S. W. 603 (3), supports our conclusion in such matter. We therefore proceed to consider this assignment.

[3] The rule of the grain dealers, requiring notice to the seller in case the grain shipped does not come up to the contract and declaring the result of acceptance without notice, is substantially a statement of the ordinary law of sales, as applied to such situation. As the rule does not state what shall be done in case the seller refuses to give instructions for disposition after notice, or if notice cannot be given, we take it that the rights of the parties would be, in such case, determined by general principles of law. It has been held that where the buyer

gives due notice of rejection of goods not coming up to the quality provided for in the contract and the seller refuses to give directions for disposition, especially where the buyer has paid for the goods or paid freight thereon, then the buyer may, in good faith, sell the goods for the account of the seller without being held responsible as for an acceptance of the goods on the contract. It is said in one of the authorities that—

"As the absent plaintiffs [the sellers] had no agent to take care of their interests, and as it was necessary that their interests should be cared for to save them from loss, the defendant [the buyer] had a right to act as agent for them ex necessitate rei." Descalzi v. Sweet, 30 R. I. 320, 75 Atl. 308, 27 L. R. A. (N. S.) 932 and note, 136 Am. St. Rep. 961; Hitchcock v. Griffin, 99 Mich. 447, 58 N. W. 373, 41 Am. St. Rep. 624; Strauss v. National Parlor Furniture Co., 76 Miss. 343, 24 South. 705; Rubin v. Sturtevant, 80 Fed. 930, 26 C. C. A. 259.

[4, 5] We think the same rule would apply where notice could not be given to the seller; and if the circumstances were such that immediate action was necessary to preserve the property from damage, the buyer would be in the same position as if the seller had refused to give disposition after notice. For this reason we think we are justified in overruling this assignment, which is based on the proposition that the unloading of the wheat without notice was a conclusive acceptance thereof under the contract. But there is another reason why it would have been improper to give the peremptory instruction. If the acts of the plaintiff constituted an acceptance of the wheat on the contract, the plaintiff should only be held to the acceptance as of the lowest contract grade, to wit, No. 5; it being admitted that the wheat graded below No. 5. The contract itself provided for a reduction of 14 cents per bushel on the basis price of No. 1 wheat, and the plaintiff on this theory would have been entitled to recover the larger per cent. of his claim on these two cars.

The only other question presented on this phase of the case is as to the admission of testimony as to the price at which the wheat was sold by Perrine. We think this evidence was admissible under the allegations of the supplemental petition and our view of the law as above stated.

The defendant, Barnett, filed a cross-action, in which he sought recovery on a note executed by plaintiff, Perrine, payable to L. B. Muncie and transferred to Barnett with offset thereof for any amount which plaintiff might recover on his claim. The plaintiff in answer pleaded that said note was given in part payment for a certain half section of land conveyed by Muncie to plaintiff; that during negotiations for the purchase Barnett and Muncie showed plaintiff certain land, representing that it was the land subsequently conveyed to plaintiff, who bought

relying on such representations; that he subsequently ascertained that the land conveyed was located more than half a mile from that shown him and was of inferior quality and less valuable; that the consideration for the note had failed; and that Barnett knew these facts when he purchased the note. There are assignments complaining of the action of the court in allowing this defensive pleading to the note to be filed after the announcement of ready for trial on the merits. The proceeding was very irregular; but, as we reverse this feature of the case on other grounds, we need not pass on these assignments.

It appeared on the trial of this issue that Barnett, to use Perrine's words, "was the agent making the deal (that is, the transaction in which Perrine purchased the land of Muncie) and got a commission out of it." The land was in Lamb county, and while negotiations were pending Perrine, accompanied by Muncie and Barnett, went to look at it. Muncie was the only one in the party who professed to know anything about its location, as neither Barnett nor Perrine had ever seen the land or knew anything about its location. Muncie pointed out to them the land which had been represented to him as being the land which he was proposing to sell, he himself being innocent of the misrepresentation as to location. Perrine testified that he subsequently discovered that the true location of the land covered by his deed was at another place and was worth much less than the amount he had paid Muncie for the land, the difference being more than the amount of the note sued on. Barnett acquired the note from Muncie before maturity. There is a conflict in the evidence as to whether at the time of such acquisition he had knowledge of the fact that the wrong land had been shown Perrine.

[6] The trial court refused to submit an issue as to whether Barnett was an innocent purchaser of the note and gave judgment against Barnett on his cross-action. Appellant assigns error on the refusal of the court to give a requested issue of innocent purchaser. We overrule the appellee's objection to the consideration of this assignment. Article 1974, Vernon's Sayles' Civil Statutes, 1918 Suppl.; Walker v. Hirsch-Cooperage Co. (Tex. Com. App.) 236 S. W. 712 (3). If the requested issue and instructions, made a part of it, are not correct, they are sufficient to call the court's attention to the matter and require the submission of the issue which the court had entirely failed to submit to the jury. And if Barnett was entitled to have the issue submitted to the jury, this feature of the case must be reversed on consideration of this assignment.

[7, 8] We doubt whether the plaintiff's pleading sets up a good defense to the note even as between the parties thereto (George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R.

A. [N. S.] 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456), though the evidence is sufficient. But in any event if Barnett was an innocent purchaser of the note for value before maturity, he was entitled to recover thereon. The fact that he knew that the note was given in part payment for the land in Lamb county would not prevent him from being an innocent purchaser if at the time of his purchase of the note he was not otherwise charged with knowledge of or responsible for the misrepresentation as to the location of the land. The court evidently proceeded on the theory that Barnett, as agent, would be liable with Muncie for the misrepresentation. This was error. The misrepresentation was made by the principal, Muncie, alone. "Where the agent acted in good faith and the fraud or deceit was the principal's act alone, the agent would not be liable." Mechem on Agency (2d Ed.) § 1458; Wimple v. Patterson (Tex. Civ. App.) 117 S. W. 1034; Barton v. Cox (Tex. Civ. App.) 176 S. W. 793; Texas Loan Agency v. Swayne (Tex. Civ. App.) 27 S. W. 183; Lewis v. Hoeldtke (Tex. Civ. App.) 76 S. W. 311 (4). We conclude, therefore, that there was error in the refusal to submit the issue of innocent purchaser of the note.

[9] We have been in some doubt as to whether the defense urged would in any event be available as against Barnett. On discovery of the facts as to the location of the land Perrine had two remedies: He might rescind the contract or affirm it and bring an action for damages for deceit. He has elected to affirm the contract. Of course, if the suit on the note had been brought by Muncie, there would be no doubt as to Perrine's right to plead the fraud and offset the note with damages resulting therefrom. But we have doubted whether he could offset as against Barnett, who was not liable for the fraud, the damages for deceit which he might be entitled to recover against Muncie. The point was not briefed and we have not had the time to give it an exhaustive examination. The authorities, so far as we have examined them, seem to proceed on the theory that damages resulting from fraud may be treated as a partial failure of consideration and set up in defense to a suit on notes given in the transaction, even though suit is brought by transferees of the notes, provided such transferees are not innocent purchasers thereof. McKnight v. Devlin, 52 N. Y. 399, 11 Am. Rep. 715; notes 39 L. R. A. (N. S.) 938; notes 40 Am. Dec. 334; Harrington v. Statton, 22 Pick. (Mass.) 510; Pulsifer v. Hotchkiss, 12 Conn. 234; Taft v. Myerscough, 197 Ill. 600, 64 N. E. 711; Daniel on Neg. Insts. vol. 1, § 193.

The judgment in plaintiff's favor on the cause of action set out in his original petition will be affirmed. That part of the judgment in plaintiff's favor on the defendant's cross-action will be reversed, and that phase of the case remanded for a new trial.