## Partridge v. Coal Township School District

*Preston A. Vought*, for plaintiff.
*John L. Pipa*, for defendant.

CUMMINGS, J., January 30, 1943.—On October 17, 1940, plaintiff secured judgment against defendant for the sum of $295.96, with interest from October 17, 1940, and costs, by agreement of the parties and direction of the Court of Common Pleas of Northumberland County (judgment having been entered for said sum with interest from October 17, 1940, and costs).

Defendant having failed and neglected to pay the said judgment, plaintiff, by petition, secured a rule June 8, 1942, on defendant, Coal Township School District, and Patrick J. Brennan, treasurer of the Township of Coal, to show cause why a writ of mandamus execution should not issue, commanding said Coal Township School District and the township treasurer to pay the sum of $295.96, with interest from October 17, 1940, together with the costs on said judgment to plaintiff out of any moneys unappropriated of the Coal Township School District, and if there be no such moneys then to cause the same to be paid out of the first moneys which shall be received by them for use of the Coal Township School District, returnable June 29, 1942.

On June 29, 1942, defendant made answer alleging it is without present funds to pay the same; however, it is willing to pay the claim when and if funds are received and are available for the purpose of paying petitioner's claim; that it would be wholly inequitable and illegal to pay same out of current funds for the reason that current funds are limited to debts contracted during the present and current school term; that it would be inequitable and illegal to make an appropriation out of the present, current funds for debts contracted in prior years, such as is petitioner's claim, current funds not being available for this purpose.

It is further averred that by reason of large coal companies having vacated lands, turning them over to irresponsible purchasers, who have avoided the payment of large amounts of taxes on the property, assessed and due the school district, sufficient funds are not available for general operating expenses, which must be met in order that the schools of said school district remain open and children be educated. There are no moneys in the hands of the treasurer of said school district, or the tresurer of Coal Township, that remain unappropriated, that if and when any moneys do come

into the hands of said school district the same must be used for the debt service of the school district, which is grossly in default and should and must be paid before the claim of petitioner is paid.

The answer prays that the rule for a writ of mandamus execution be dissolved at the costs of petitioner.

This proceeding is brought pursuant to the provisions of section 514 of the School Code of May 18, 1911, P. L. 309.

This section provides that the plaintiff in any judgment "shall petition the court of common pleas in which such judgment was obtained . . . whereupon the said court shall issue a writ in the nature of a mandamus execution, directed to the directors and treasurer of the school district against which such judgment was obtained, commanding them to pay the amount of such judgment, together with interest and costs, out of any unappropriated funds of such school district, and in case there be no unappropriated funds of such school district, then out of the first funds that shall be received by said school district . . ."

No testimony was taken, the case having been submitted to the court on brief of counsel for plaintiff or petitioner.

We believe the reasons assigned by defendant are without merit.

If funds from which this claim could be paid are exhausted, the school district must make provision for the current and future expenses when it finds it has miscalculated the appropriation necessary to meet its current expenses and other debts.

In Commonwealth, ex rel., v. Hinkson, Treasurer, 161 Pa. 266, it is said (p. 268) :

"We know of no law that exempts a municipality any more than an individual from the payment of its debts. . . ."

We know of no law preferring creditors of the present and current school term over former creditors.

The reason alleged, "because the coal companies vacated their lands and turned them over to irresponsible purchasers", is without merit. We believe plaintiff is entitled to the writ.

### Decree

And now, to wit, January 30, 1943, the rule issued is made absolute and a writ of mandamus execution is awarded, directed to Casper Burns, Edward Kolovich, Adam Ostroski, James Buggy, John Baronoski, Jr., Andrew Gross and Anthony Korbicz, school directors of the School District of the Township of Coal, Northumberland County, Pa., commanding them to pay to Horace Partridge the sum of $295.56, with interest from October 17, 1940.