**NORTH AMERICAN CONTRACTING CORP., a corporation, Appellant,**

v.

**Edward L. HALEY, Appellee.**

**No. 2129.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 10, 1958.

Decided April 15, 1958.

———◆———

Arthur L. Willcher, Washington, D. C., with whom Bernard Shankman, Washington, D. C., was on the brief, for appellant.

William Bogen, Washington, D. C., with whom Richard A. Micheel, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee contracted to sell appellant a used "backhoe," a large piece of excavating equipment, for a total price of $7,000. At the time of the sale, the machine was subject to a chattel mortgage in the amount of $4,633.07. Appellant agreed to assume this debt and to pay appellee the remainder of the purchase price, i. e., $2,366.93, in monthly installments. After delivery, appellant made no payments. Appellee then brought this suit to recover the sale price and obtained a judgment, from which this appeal is taken.

The chief defense was that the backhoe was in a defective condition. The evidence presented by each party was in direct conflict on this question. Appellee testified that at the time of the sale, the backhoe needed only minor repairs; appellant stated that after a few days of testing, he discovered that the machine did not operate properly and that exten-

sive work would be required to put it in good condition.

At the conclusion of the evidence the trial judge made no express finding concerning the condition of the machine but stated that, in his opinion, the case turned on the question of whether appellant had "accepted" the goods so as to render it liable for the purchase price;[1] further, that certain acts which appellant performed constituted an acceptance, and that if he was wrong, "defendant should have a finding in his favor." Both parties submitted memoranda on the point and subsequently the court entered the following finding:

"Respecting the backhoe, the acts of defendant were inconsistent with the ownership thereof by the plaintiff. The defendant accepted said backhoe."

In view of the court's statements, we believe that the only issue before us is the correctness of the quoted finding, and that all other questions were resolved in appellant's favor.

The "acts" which the judge was referring to were attempts by appellant to use the backhoe as a "trade-in" on the purchase of a new machine. The testimony concerning this issue was as follows: After some confusion it was finally agreed that March 31, 1956, was the day on which appellant took delivery of the backhoe. Appellant's president stated that he commenced using it on April 2 and thereafter for several days and found that it was wholly defective. He fixed April 12 as the date on which he finally decided to rescind the sale and so advised appellee at that time. Later he attempted to use the machine as a trade-in in order to help appellee recoup his loss, if possible, but was unable to get a satisfactory price for it. Appellee denied ever receiving any notice of rescission from appellant.

Appellant then offered as a witness the president of a company which was in the business of selling construction machinery. He testified that he addressed a letter to appellant, dated April 12, in which he stated that he had examined the backhoe pursuant to appellant's request and could only offer $2,000 for it as a trade-in allowance on a new machine. He also testified that he had performed his inspection of the machine about a week prior to the date of his letter.

■ As we have noted, the issue here is whether appellant's attempt to resell the backhoe constituted an act so inconsistent with the ownership of appellee as to amount to an acceptance. The general rule is that if a buyer resells or attempts to resell the goods without first notifying the original seller that he is rescinding the contract because of defects, such an act is a sufficient acceptance so as to render the buyer liable for the full purchase price.[2] On the other hand, if the seller, after receiving notice of the defects, refuses to receive back the goods, and fails to give instructions as to the disposition to be made of them, the buyer has the right to resell them on the account of the seller and is then liable only for the proceeds.[3]

■ If the testimony of appellant's president be accepted at face value, it would appear that the attempted trade-in occurred only after the alleged rescission of April 12 and consequently there was

---

1. Code 1951, § 28–1308: "The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without in- timating to the seller that he has rejected them."

2. United States v. Silverton, 1 Cir., 1952, 200 F.2d 824, 826; 3 Williston on Sales, § 483 (Rev.Ed.1948); 46 Am.Jur., Sales, § 253.

3. Annotation, 24 A.L.R. 1445; 3 Williston on Sales, § 498 (Rev.Ed.1948).

no "acceptance." However, the testimony of a prospective vendee, which appellant itself offered, indicated that at least one attempted trade-in occurred as early as one week before the rescission of April 12. Consequently, we believe that the trial judge would have been justified in finding that the attempted resale occurred prior to any repudiation of the original contract of sale, and thus his holding that appellant accepted the backhoe by virtue of an act inconsistent with ownership in appellee was supported by the evidence.

Affirmed.