## Marbelite Company, Inc. *v.* Philadelphia, Appellant.

Argued June 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (SPAULDING, J., absent).

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Rudolph A. Chillemi,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*Steven A. Arbittier,* with him *Howard Gittis,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellee.

OPINION PER CURIAM, September 15, 1966:

The judgment of the Court of Common Pleas No. 5 of Philadelphia County is affirmed on the opinion of Judge WEINROTT, for the court below, reported at 40 Pa. D. & C. 2d 347.

DISSENTING OPINION BY WRIGHT, J.:

This case is of great concern to the City of Philadelphia. It involves the right of the City to protect the public treasury. In my view it is not a case in which summary judgment should have been entered. The City asserts that collusion existed between employes in the Streets Department and this appellee, that certain equipment was purchased as a result of the collusion, and that this equipment was defective. Important issues of fact are presented which should be submitted to a jury.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent.

I agree that *Hemphill v. Lenz*, 413 Pa. 9, 195 A. 2d 780 (1963), is not in point. That case was decided solely on the jurisdictional question relating to service of process to enforce a subpoena on Lenz, the treasurer of the plaintiff company, and I find no law which imposes on a creditor of a municipality the obligation of securing the approval of the controller or treasurer of such a body as a condition to entering suit for a claim. See *Com. ex rel. Harkins v. Hinkson, City Treasurer*, 161 Pa. 266, 28 A. 1081 (1894), where a treasurer could not resist payment of a judgment although recovered on an illegal contract. See also *Lancaster County v. Lancaster City*, 170 Pa. 108, 32 A. 567 (1895). Claims may be denied by city officers but thereafter if litigated and a judgment secured against the municipality it is too late to refuse payment.

The purpose of Section 6-402 of the Philadelphia Home Rule Charter is to place in the hands of the controller supervising powers over disbursements from the city treasury and he is given the right of subpoena to secure the necessary evidence on which to come to a proper conclusion. However, in this case it was not

necessary to secure a favorable decision from him since the matter was placed in litigation. Furthermore, the city was not prejudiced in securing necessary evidence. Instead of securing the evidence through the controller as in the case of payments before litigation, the city could have resorted to the Discovery Rules of Pennsylvania Civil Procedure and secured it for the preparation of its pleading or for trial.

However, I cannot agree that because the city set up the defenses of collusion and nonconformity as a *complete* defense to plaintiff's claim and not merely to mitigate damages that judgment should be entered against it on the pleadings. There are sufficient allegations in the city's answer and new matter to indicate the illegality of the contract as well as a variance from specifications. Although these defenses are not set forth specifically or with any claim of particular damage, such a pleading is subject to amendment. An opportunity should have been granted to the city to amend, particularly in view of the efforts of the city controller to gain evidence on which to determine the validity of plaintiff's claim resulting in the litigation previously referred to.

Judge WEINROTT said in his opinion, "From the failure to counterclaim or so plead we deem that the City was not damaged monetarily or otherwise as a result of the placement of the order with plaintiff or by the purchase and use of the goods delivered to it." I cannot agree with this conclusion in view of the defenses to the claim set forth in the answer.

I would reverse the judgment and grant the appellant City of Philadelphia the right to amend its answer and new matter.

HOFFMAN, J., joins in this dissenting opinion.