120 N.J. Super. 350 (1972)
294 A.2d 62
FABLOK MILLS, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
COCKER MACHINE & FOUNDRY COMPANY, A NORTH CAROLINA CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Argued July 21, 1972.
Decided July 28, 1972.
*351 Mr. Elliot A. Lawrence, Attorney for Plaintiff, Fablok Mills, Inc. (Messrs. Bilder, Silver & Lawrence).
*352 Mr. Israel B. Greene, Attorney for Defendant, Cocker Machine & Foundry Company.
KIMMELMAN, J.S.C.
The court is called upon to decide a motion for summary judgment brought by the defendant seller of certain knitting machines against the plaintiff purchaser who seeks rescission of the sale. The uncontradicted facts appear as follows: Between September 15, 1964 and June 30, 1965, plaintiff, a corporation engaged in the business of producing machine knitted fabrics, purchased from defendant ten model "G" knitting machines. The first two machines were delivered to plaintiff on September 15, 1964. Shortly thereafter, plaintiff notified defendant of difficulties encountered in the operation and use of the machines by reason of alleged defects. Nevertheless, plaintiff continued to order and accept delivery of eight additional machines over the next several months all the while continuing to experience the same alleged difficulties with each subsequent machine. Defendant on numerous occasions attempted to remedy the operational problems complained of but without apparent success.
On May 23, 1967, after using the machines for approximately two years and even more in the case of the earlier delivered machines, plaintiff wrote defendant revoking its acceptance. It further requested that defendant take back the machines and refund the purchase price of $15,615 per machine which at that point had long since been paid. Plaintiff assigned the improper performance of the machines as its reason for this move to rescind the entire transaction. Defendant rejected the attempted rescission and since then, plaintiff has continually made use of the machines operating the same in its business up to and including the present time.
Under these circumstances, defendant questions plaintiff's right to revoke its previous acceptance of the machines and contends that plaintiff's conduct and continued use thereof constitutes a waiver of warranties, express or implied, and *353 is indicative of a waiver of all claims for damages. On the other hand, plaintiff alleges that it accepted delivery on the reasonable assumption that the defects would be remedied in due course by the defendant and contends that its revocation of the acceptance was properly made upon determining that defendant either could not or would not cure the defects. In this posture, plaintiff, through its counsel and by virtue of answers to interrogatories, has limited its claim to the recovery of the purchase price paid for the machines plus any incidental installation or repair charges specifically disavowing any claim for consequential damages.
Under the Uniform Commercial Code, N.J.S.A. 12A:2-606, an acceptance of goods occurs when the buyer, after a reasonable opportunity to inspect the goods, signifies to the seller that the goods are conforming or that he will take them in spite of their non-conformity. Here, there is no doubt that the buyer advised the seller of their apparent non-conformity; but, when coupled with the fact of buyer's continued use thereof and the placing of orders for additional "non-conforming" machines, it is clear as a matter of law that the goods were accepted within the meaning of the statute. Vapor Vacuum Heating Co. v. Kaltenbach & Stephens, 94 N.J.L. 450 (E. & A. 1920); Rudolph Wurlitzer Mfg. Co. v. United Realty & Amusement Co., 87 N.J.L. 656 (E. & A. 1915); Otis Elevator Co. v. Headley, 81 N J.L. 173 (Sup. Ct. 1911). See also, Zabriskie Chevrolet, Inc. v. Smith, 99 N.J. Super. 441 (Law Div. 1968).
Acceptance may be revoked under limited circumstances and within a reasonable period of time where the defects in the goods substantially impair their value and the seller has been unable to cure the non-conformity. N.J.S.A. 12A:2-608(1)(a). In such event, where the seller has failed to remedy the defects or non-conformity after a reasonable opportunity to do so, it is incumbent upon the buyer to "seasonably" notify the seller of its revocation of acceptance. N.J.S.A. 12A:2-602(1). Otherwise, the *354 goods are deemed to have been finally accepted. After revocation of acceptance, however, any exercise of ownership by the buyer with respect to the goods is wrongful against the seller. N.J.S.A. 12A:2-602(2)(a).
In this instance, as buyer contends, the seller has failed to "seasonably cure" the defects. Cf. N.J.S.A. 12A:2-607(2). Nevertheless, buyer's continued use of the machines for over two years and long after the seller's failure to cure became apparent renders such notice of revocation ineffective. A delay to that extent when dealing with a depreciable article subject to daily wear and tear is manifestly unreasonable. Kelleher v. Detroit Motors, 52 N.J. Super. 247, 251 (App. Div. 1958); Hays Merchandise, Inc. v. Dewey, 78 Wash.2d 343, 474 P.2d 270 (1970).
Having determined that plaintiff's acceptance of the knitting machines was final and alternatively, that its use of the knitting machines was inconsistent with the seller's ownership thereof as would be the case if the revocation of acceptance was effectual, it follows that the remedy of rescission sought by plaintiff is not available to it. The question remains whether plaintiff may nevertheless proceed against the defendant-seller for damages. N.J.S.A. 12A:2-720 provides:
Unless the contrary intention clearly appears, expressions of "cancellation" or "rescission" of the contract or the like shall not be construed as a renunciation or discharge of any claim in damages for an antecedent breach.
While plaintiff's counsel's acknowledgment and answers to interrogatories limiting the damage claim to a recovery of the purchase price clearly indicate an intention not to seek damages for an antecedent breach according to the tenor and effect of N.J.S.A. 12A:2-720, it is apparent that plaintiff's conduct is also indicative of a renunciation of any claim in damages.
Plaintiff had the right to accept or reject the machines if they failed to conform. N.J.S.A. 12A:2-601. Plaintiff *355 vacillated hoping that defendant would cure the alleged defects. The attempted cure having failed according to plaintiff's view, it continued to use the machines and then waited an inordinate length of time before attempting to revoke its acceptance. At that point, it elected the remedy of rescission but chose to maintain its ownership of the machines by the continued use and operation thereof. The exercise of such ownership after rejection was wrongful as against the seller. It bound the plaintiff to its acceptance and constituted a waiver of all warranties or the breach thereof that might have occurred. Ingle v. Marked Tree Equipment Co., 244 Ark. 1166, 428 S.W.2d 286, 289 (1968). Moreover, if any doubt remains as to plaintiff's intention, reference need only be made to the additional fact that plaintiff continues to use the machines in its business to the present day. Plaintiff's conduct clearly precludes the operation of N.J.S.A. 12A:2-720 and recovery of damages.
The Uniform Commercial Code was designed to simplify, clarify and modernize the law governing commercial transactions. N.J.S.A. 12A:1-102. Plaintiff's available options upon delivery of allegedly non-conforming goods are distinctly ascertainable. Plaintiff may not on the one hand continue to avail itself of the use of the knitting machines for so many years and at the same time seek the return of their entire purchase price. Walter E. Heller & Co., Inc. v. Hammond, 52 N.J. Super. 332 (App. Div. 1958) modified 29 N.J. 589 (1959).
The fourth count of the complaint alleges that plaintiff purchased the knitting machines in reliance upon representations and warranties made by defendant and known by it to be untrue. Where material misrepresentations or fraud is asserted N.J.S.A. 12A:2-721 provides:
Remedies for material misrepresentation or fraud include all remedies available under this Chapter for non-fraudulent breach. Neither *356 rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy.
The official Uniform Commercial Code comment pertinent to this section demonstrates that its scope is no broader than that of the preceding section, N.J.S.A. 12A:2-721. It reads:
Purposes: To correct the situation by which remedies for fraud have been more circumscribed than the more modern and mercantile remedies for breach of warranty. Thus the remedies for fraud are extended by this section to coincide in scope with those for non-fraudulent breach. This section thus makes it clear that neither rescission of the contract for fraud nor rejection of the goods bars other remedies unless the circumstances of the case make the remedies incompatible.
Thus, where plaintiff's acceptance of the machines and its continued use thereof after their purported rejection operate to bar its claim for damages for any breach of warranty that might have occurred, so too, the same facts operate to bar its claim for damages for the alleged fraudulent misrepresentations.
Defendant's motion for summary judgment is granted in all respects.