Joseph E. WALTZ and Dorothy M.
Waltz, Plaintiffs,

v.

CHEVROLET MOTOR DIVISION et al.,
Defendants.

Superior Court of Delaware,
New Castle.

June 20, 1973.

William E. Taylor, Jr., Wilmington, for plaintiffs.

Allen M. Terrell, Jr., of Richards, Layton & Finger, Wilmington, and William G. Campbell, and Richard K. Herrmann, of Bayard, Brill & Handelman, Wilmington, for defendants.

## OPINION

WRIGHT, Judge.

This is a motion for summary judgment by Defendants in an action to recover the price of an automobile purchased by Plaintiffs from the Defendant Colonial which had in turn purchased it from the manufacturer, Defendant General Motors. Plaintiffs assert that the vehicle is defective in that it will not tow their horse trailer without being subject to extraordinary movements which make the vehicle unsafe to operate. Several months after the vehicle was delivered in October 1971, Plaintiffs experienced the difficulty. Thereafter numerous contacts were made with Defendant Colonial in an effort to discover the source of the problem. In October of 1972, Plaintiffs gave notice of their revocation of acceptance of the vehicle pursuant to 5A Del.C. § 2–608. (All references hereafter are to sections of 5A Del.C., the Delaware adaptation of the Uniform Commercial Code.) After serving this notice, Plaintiffs instituted this suit to recover the purchase price of the vehicle.

Colonial and General Motors assert that Plaintiffs cannot recover on the theory that their acceptance has been revoked because the revocation was not timely and is rendered ineffective by their continued exercise of ownership of the vehicle. A

reading of the pertinent sections of the Code and cases on the point from neighboring jurisdictions confirms Defendants' contention as to the invalidity of the revocation.

§ 2–608 provides that a buyer who revokes his acceptance of goods has the same rights and duties with regard to the goods as if he had rejected them. § 2–602 relates to rejection of goods and provides that after rejection, any exercise of ownership by the buyer is wrongful as against the seller. Although § 2–602 standing alone does not specify that the wrongful act constitutes acceptance, § 2–606(1)(c) provides that an act by the buyer inconsistent with the seller's ownership which is wrongful as against the seller will constitute an acceptance unless the seller wishes to treat the act as a rejection. Logically, then, the Code requires that Plaintiffs' continued use of the automobile after their attempted rejection invalidates the revocation of acceptance.

The cases under the Code from neighboring jurisdictions are in accord. See Marbelite Co. v. City of Philadelphia, 208 Pa.Super. 256, 222 A.2d 443 (1966); Fablok Mills, Inc. v. Cocker Machine and Foundry Co., 120 N.J.Super. 350, 294 A.2d 62 (1972). Accordingly, while a buyer may conditionally accept goods on the assumption that defects will be cured, § 2–607(2), he cannot revoke an acceptance after attempts to cure have failed while continuing to hold and enjoy the goods.

Plaintiffs have lately stated an alternate theory of recovery, that of breach of warranty, a theory upon which they now ask for summary judgment. Although in accordance with § 2–607 breach of warranty may be asserted even where goods are accepted, the facts on the record at this stage are insufficient to grant summary judgment. Too, Defendants have indicated that because of the late date on which Plaintiffs articulated the theory of breach

of warranty, more time is needed to brief the issue.

Accordingly, both motions for summary judgment are denied.

It is so ordered.