RUSSELL, Judge.
This is a contract case involving the sale of goods.
Following an ore tenus hearing, the trial court ruled that the buyer properly revoked his acceptance and held a contract between the parties for the sale of an automobile to be rescinded, ordering a return of the purchase price to the buyer, in addition to interest.
The seller appeals. We reverse and remand.
The dispositive issue on appeal is whether the buyer’s continued use of the automobile for a period of approximately seven months after allegedly rescinding the contract constituted an affirmance of that contract.
*1111 Initially, we note that the judgment of a trial court following an ore tenus proceeding is presumed correct and will be set aside only if it is plainly and palpably wrong. Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). However, no such presumption attaches when the trial court has improperly applied the law to the facts. Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985).
The record reveals, in pertinent part, that the buyer communicated his intent to rescind the sale by a letter drafted by his attorney and dated March 10, 1987, and that subsequently the seller refused to accept return of the automobile or to return the sale price to the buyer. The buyer alleged that the seller failed to inform him of defects in the automobile which substantially impaired its value, including the automobile’s excessive use of oil and the fact that it was actually two automobiles welded together. However, the trial court made no finding that the seller possessed knowledge of the latter defect or that he fraudulently concealed it from the buyer.
After the attempted rescission and for a seven-month period prior to commencing an action against the seller, the buyer, who owned two other automobiles, continued to operate this automobile, totaling nearly 9,000 miles of driving.
In reviewing the record and the applicable statutes, we find that as a matter of law, the transaction between the parties is governed by the Uniform Commercial Code. Section 7-2-606, Ala.Code 1975 (1984 Repl.Vol.), provides:
“(1) Acceptance of goods occurs when the buyer:
[[Image here]]
“(c) Does any act inconsistent with the seller’s ownership.... ”
While it is clear that acceptance may be revoked under limited circumstances and within a reasonable period of time where defects in the goods substantially impair their value, § 7-2-608(l)(a), Ala.Code 1975, any exercise of ownership by the buyer with respect to the goods is wrongful as against the seller, § 7-2-602(2)(a), Ala.Code 1975.
We find that the use of the automobile by the buyer, subsequent to his attempted rescission, constituted an acceptance under the provisions above. Such acts were clearly inconsistent with the seller’s ownership of the automobile. Therefore, we find that the remedy of rescission sought by the buyer is not available to him. Although this court has not previously addressed this issue, we note that cases in other jurisdictions are in accord. See Waltz v. Chevrolet Motor Division, 307 A.2d 815 (Del.Super.Ct.1973). See also Fablok Mills, Inc. v. Cocker Machine & Foundry Co., 120 N.J.Super. 350, 294 A.2d 62 (1972), rev’d on other grounds, 125 N.J.Super. 251, 310 A.2d 491, cert. denied, 64 N.J. 317, 315 A.2d 405 (1973); Marbelite Co. v. City of Philadelphia, 208 Pa.Super. 256, 222 A.2d 443 (1966).
Consequently, we find that it was error for the trial court to rescind the contract for the sale of the automobile, and we pretermit a discussion of the remaining issues presented by the seller as being unnecessary. Therefore, we reverse and remand with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.